## THE STATE v. MONTGOMERY, *Appellant*.

### DIVISION TWO.

1. **Criminal Practice:** INDICTMENT: SEVERAL METHODS OF COMMISSION OF CRIME. Where a crime may be committed by several methods, the indictment may charge that it was committed by all, provided they are not inconsistent with, or repugnant to, each other.

2. ————: ————: ATTEMPT. An indictment for an attempt to commit a robbery under Revised Statutes, 1889, section 3940, *held* sufficient.

*Appeal from Greene Criminal Court.*—HON. M. OLIVER, Judge.

AFFIRMED.

*Travers, Havens, Harrington & Pepperdine* for appellant.

(1) Revised Statutes, 1889, section 3530, enumerates several distinct offenses which cannot be charged

in one count.    (2)    The indictment is insufficient as one charging an attempt to commit the crime of robbery.

*John M. Wood*, Attorney General, for the State.

The indictment is sufficient. R. S., sec. 3940; *State v. Hayes*, 78 Mo. 307; *State v. Mills*, 88 Mo. 417; *State v. Frank*, 103 Mo. 110; 2 Bishop on Criminal Procedure, secs. 86–93.

THOMAS, J.—The defendant was convicted of an attempt to commit robbery, and was sentenced to imprisonment in the penitentiary therefor for two years by the criminal court of Greene county in August, 1891, and he appealed.

The only point insisted upon by appellant for a reversal of the judgment is the insufficiency of the indictment.

The defendant in his brief says: "The indictment is for an attempt to rob. In an indictment for an attempt, the attempted offense must be set out as though the indictment were for the commission of the offense. Section 3230, Revised Statutes, 1889, on which the indictment in this case is bottomed, sets forth four separate and distinct felonies, either of which constitutes robbery in the first degree. *First*. Every person who shall feloniously take the property of another from his person by violence to his person. *Second*. Every person who shall feloniously take the property of another in his presence and against his will by violence to his person. *Third*. Every person who shall feloniously take the property of another from his person by putting in fear of some immediate injury to his person. *Fourth*. Every person who shall feloniously take the property of another in his presence, and against his will, by putting in fear of some immediate injury to his person.

All these cannot be charged in one count. Each one constitutes a separate and distinct offense. There is but one count in this indictment. Which one of the four offenses does it charge? Or does it not attempt to charge them all in one count?"

We think this is not the true exposition of the statute. The section cited does not define four distinct felonies, but defines one felony only, which may be committed by several methods. When a crime may be committed by several methods the indictment may charge that it was committed by all, provided the different methods are not inconsistent with or repugnant to each other. *State v. Murphy*, 47 Mo. 274; *State v. Fancher*, 71 Mo. 460; *State v. Pittman*, 76 Mo. 56; *State v. Bregard*, 76 Mo. 322; *State v. Fitzsimmons*, 30 Mo. 236; Kelley's Criminal Law & Practice, sec. 186; 10 American & English Encyclopedia of Law, 599*b*, 599*c*, 599*d*.

Stripped of its verbosity, the indictment in this case charges that the defendant and Ben Montgomery attempted to commit the crime of robbery, by attempting to take by force $170 belonging to George C. Milburn, in the latter's presence, from his person, by violence to his person, and by putting him in fear of some immediate injury to his person. These averments are not repugnant to, but perfectly consistent with, each other.

Section 3940, Revised Statutes, 1889, provides that "Every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act toward the commission of such offense but shall fail in the perpetration thereof or shall be prevented or intercepted in executing the same," shall be guilty of a crime.

The indictment in this case after making the averments above set out charges that defendant and Ben

Montgomery, in the attempt towards the commission of the crime of robbery, went to the dwelling-house of said Milburn, armed with a pistol and ax, broke down the door, fired the pistol into the house and demanded of said Milburn the said money or they would kill him, but that they failed in such attempt by being frightened away by said "Milburn hallooing murder," and that they were "intercepted and prevented in the execution of the same."

This is a sufficient averment of the doing of an act toward the commission of a crime in an attempt to commit it.

Other objections to the indictment are urged by defendant but we think they are verbal criticisms merely of the phraseology used, and do not amount to serious defects in the essential and substantial averments of the crime.    The judgment is affirmed.    All concur.