## CHARLES DILLEY v. STATE OF NEBRASKA.

FILED MARCH 13, 1915.   No. 18,768.

1. **Criminal Law:** MOTION FOR CONTINUANCE: COUNTER SHOWING. Since the enactment of section 7889, Rev. St. 1913, it is proper to allow a counter showing to be filed against a motion for continuance.

2. ———: APPEAL: REFUSAL OF CONTINUANCE. A judgment will not be reversed by the supreme court on account of the refusal to grant a continuance unless there has been an abuse of a sound legal discretion by the district court.

3. **Shooting with Intent to Wound:** SUFFICIENCY OF EVIDENCE: INSTRUCTION: MENTAL RESPONSIBILITY. Evidence examined, and *held* to support the verdict, and that, when considered in connection with instruction No. 11, the question of defendant's mental responsibility was properly submitted to the jury by that instruction.

Error to the district court for Dawes county: Ralph W. Hobart, Judge. *Affirmed.*

*Fisher & Rooney,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

Letton, J.

Plaintiff in error, hereinafter termed the defendant, was convicted of shooting with intent to wound, which judgment he seeks to review. The facts seem to be that on July 28, 1914, the defendant became engaged in an altercation with one Munkres, a barber, at the latter's place of business at Chadron, Nebraska. Munkres put him out of the barber shop, slapped him and kicked him. About 10 or 15 minutes afterwards, when Munkres was in the back part of the barber shop, the defendant came to the front door and shot at him through the screen door four times, one of the bullets striking him in the hip and passing through the groin. Defendant was arrested in the alley at the back of the barber shop a few minutes afterwards and placed in the county jail. At that time, and while under the impression that he had not wounded Munkres, he said that he wished he had hit him. On August 4 an information was filed containing a count charging shooting with intent to kill, and another count charging shooting with intent to wound. On the same day, without objection, the cause was set for trial on August 10. On that day defendant filed a motion for continuance on the ground: (1) That one Dickenson, who had left the state, would testify that he saw the plaintiff kicked and otherwise abused by Munkres before the shooting; and (2) that, if given time, he could procure the testimony of witnesses in South Dakota to the effect that he was a dipsomaniac for a long time prior to the date of the offense, that he was for a long period of time incapable of judging right from wrong, and was a constant user of intoxicating liquors. A counter showing was filed, and the motion for a continuance was overruled. This is assigned as error.

The state admitted in open court that Dickenson, if present, would testify as stated in the affidavit, and other witnesses testified in open court as to the assault upon defendant before the shooting. At the trial defendant also proved that he had been addicted to the use of intoxicating liquors, had taken a liquor cure some time before, and that he had been drinking heavily a short time before the shooting took place. It was also shown that he had left South Dakota more than a year before that time. It is also said that the trial court erred in permitting a counter showing to be filed, and a number of early cases in this court are cited to this effect. Counsel evidently has overlooked the subsequent adoption of section 7889, Rev. St. 1913, allowing the filing of such a counter showing, and providing as to continuances: "No reversal of such cause or proceeding by the supreme court shall be had on account of the action of the court in granting or refusing such application, except when there has been an abuse of a sound legal discretion therein by the lower court." No abuse of legal discretion occurred. These assignments are not sustained.

The remaining complaints are that the court erred in refusing expert testimony offered on the question of insanity, in failing to instruct upon that question, and that there is no evidence contradicting the testimony of defendant that he was insane when the offense was committed.

The defendant's testimony is that Munkres kicked him in the stomach, and that this caused such pain and terror on his part that he did not remember anything that took place from that time until he was arrested a few minutes after the shooting. The evidence is conflicting as to what part of his body was kicked, and it also shows that after the assault he walked a distance of about a block to his room and procured the revolver with which the shooting was done. It is also shown that when he was arrested, 10 or 15 minutes afterwards, he seemed to have full possession of his faculties.

A number of the questions propounded to the medical expert and excluded did not properly reflect the evidence.

He was permitted to answer others, and did testify that such a lapse of memory might occur from excessive alcoholism.

Considering the evidence in connection with instruction No. 11, we. think the question as to the responsibility of the defendant for his actions was properly submitted to the jury by that instruction. We are satisfied also that the jury gave proper weight to defendant's testimony as to his evanescent lapse of memory as tending to throw light upon his mental condition.

We find no prejudicial error and the judgment of the district court is

AFFIRMED.

MORRISSEY, C. J., not sitting.