Smith v. State.

RILEY SMITH v. STATE OF NEBRASKA.

FILED DECEMBER 30, 1922. No. 22764.

1. **Criminal Law:** VERDICT: CONFLICTING EVIDENCE. Where the evidence is conflicting, the verdict and judgment of the trial court will not be disturbed if it appears from an examination of the record that such evidence is sufficient to sustain the same. *Held*, in this case, that the evidence was sufficient to sustain the verdict.

2. ———: REFUSAL OF CONTINUANCE. Wide discretion is vested in the trial court on application for continuance filed on the eve of trial. No reversal should be had in this court for the refusal of a trial court to grant a continuance upon application of a defendant, unless there has been an abuse of sound legal discretion on its part. *Dilley v. State*, 97 Neb. 853.

3. ———: ASSISTING COUNSEL. Assisting counsel may be appointed in a felony case at the instance of the county attorney and under the direction of the court.

4. **Robbery:** STATUTE: CONSTITUTIONALITY. Section 9622, Comp. St. 1922, is not unconstitutional, and makes a felony of entering a bank in a building and doing violence therein with intent to steal, take or carry away any of its money or property.

5. **Information:** SURPLUSAGE. "Where words appear in an information which might be stricken out, leaving an offense sufficiently charged, and such words do not tend to negative any of the essential averments therein, they may be treated as surplusage, and be entirely rejected." *Hase v. State*, 74 Neb. 493.

6. **Robbery:** INFORMATION. Under section 9622, Comp. St. 1922, the actual taking of any money or property is not of the essence of the charge. The felony created by the statute lies in the violence of or against the bank, coupled with the intent to steal,

Smith v. State.

take or carry away. Consequently, the information need not contain an averment that there was money or property in the bank.

ERROR to the district court for Saunders county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Jamieson, O'Sullivan & Southard* and *John H. Barry,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Jackson B. Chase, contra.*

Heard before MORRISSEY, C. J., DEAN, FLANSBURG, LETTON and ROSE, JJ., SHEPHERD, District Judge.

SHEPHERD, District Judge.

Riley Smith was convicted in the district court for the fifth judicial district of entering a bank and intimidating its employees with intent to steal, etc. His conviction was upon the identification of the bank's cashier and of a young lady bookkeeper, coupled with circumstantial evidence tending to connect defendant with the crime. And while some of the members of the court might question, were the case before them as finders of the facts, that the proof of his guilt was beyond reasonable doubt, the majority of them agree that it is sufficient to sustain the verdict of the jury upon review. It remains to consider whether there is otherwise reversible error in the record.

Error is assigned because the trial court refused to give the defendant a continuance on account of his alleged inability to procure the attendance of Mr. and Mrs. Brown as witnesses in his behalf. The showing which he files in this connection is by no means frivolous. It states that these persons were with him at a farm house nearly ten miles away at the time that the bank was robbed. Their testimony would thus tend to establish a complete alibi. The showing also sets forth that, according to the state's theory, the said Brown was supposed to be defendant's partner in the hold-up (there

were two gunmen together in the bank), and that confrontation by him upon trial would greatly assist the defendant in his defense. Taking the defendant's undisputed affidavit for it, Brown and his wife were undoubtedly material witnesses. Yet on the alibi, which was a matter of chief defense, their testimony would have been merely cumulative. Defendant had, as it was, some six witnesses who testified to practically the same state of facts which he would have attempted to prove by them. One of the essential averments of a showing for continuance is that the thing to be testified to by the absent witness cannot be proved by the testimony of any other witness. A showing that cumulative evidence can be had by the delay requested is not ordinarily enough to compel a continuance.

It is apparent, too, when the record is read, that the notion that the state's theory was that Brown, rather than Boyd or some one else, was the second gunman in the robbery was more fancied than real. And it is also probable that the chances of identification or nonidentification upon confrontation would have been about equal. However, conceding that Brown was most necessary as a witness for the defendant, the failure to have him present at the trial must be charged to the defendant's own fault. It affirmatively appears in his affidavit that he told him that the trial would not occur until fall, and allowed him, if he did not encourage him, to drop out of sight. Nor does it appear that he made the proper effort to find him and have him present. The trial judge did not abuse his discretion in overruling the motion. No reversal should be had in this court for the refusal of a trial court to grant a continuance upon application of a defendant, unless there has been an abuse of sound legal discretion on its part. *Dilley v. State,* 97 Neb. 853.

Complaint is made because attorney B. F. Good was appointed to assist in the prosecution. Section 4916, Comp. St. 1922, provides that assisting counsel may be

appointed in a felony case at the instance of the county
attorney and under the direction of the court. The prac-
tice has had recognition and approval in this court.
*Goldsberry v. State*, 92 Neb. 211; *Bush v. State*, 62 Neb.
128. The appointment was upon the application of the
county attorney and upon the order of the court. It
seems to have been duly made. Much space has been
consumed in the briefs upon the right of the attorney
general to appoint counsel and to take a hand in prosecu-
tions here and there over the state, the defendant con-
tending that the department of justice act (Laws 1919,
ch. 205), under which the latter assumed to act (the at-
torney general also appointed Mr. Good), is unconstitu-
tional as creating a new executive department. An in-
teresting question is thus raised, though it would seem,
as the state argues, that no more is attempted in the
act than to enlarge the powers of the attorney general
without in the least creating a new department. But
it is unnecessary to decide or to discuss this, as we are
all of the opinion that the court had ample power to ap-
point under the law as it was before the enactment of
1919.

Error is assigned because the information was drawn
in the disjunctive, and because the law under which the
prosecution proceeded is what counsel for the defense
terms "confusion's masterpiece," and of no effect. The
act is certainly a bunglesome piece of English. It is as
follows:

"That whoever enters any building occupied as a
bank, depository or trust company and by violence or
by putting in fear any person or persons in charge of or
connected with said bank, depository or trust company
with intent to take, steal or carry away any of the
money, goods, chattels or other property belonging to
or in the care, custody or control of said bank, depository
or trust company shall be deemed guilty of a felony and
on conviction thereof shall be confined in the state peni-

tentiary not less than ten nor more than twenty-five years." Comp. St. 1922, sec. 9622.

Ill drawn as the statute is, its meaning may thus far be deduced with certainty, *i. e.,* he who enters a bank and does violence, with intent to steal, take or carry away any money or property belonging to it or under its care or control, shall be deemed guilty of a felony. Plainly also it includes as guilty of a felony the person who enters a bank and puts in fear any person in charge thereof or therewith connected, with such intent.

We are admonished by the statute not to find cause for reversal because of any matter of pleading or procedure, unless a substantial miscarriage of justice has occurred. Section 10186, Comp. St. 1922, reads in part: "No judgment shall be set aside, or new trial granted, or judgment rendered, in any criminal case on the grounds of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, if the supreme court, after an examination of the entire cause, shall consider that no substantial miscarriage of justice has actually occurred."

If we consider the title of the act in question in connection with the foregoing, it will be seen that the subject of the legislation is sufficiently expressed therein. The wording of the title is: "An act to define the crime of robbery or violence of any bank, depository or trust company; and to provide punishment therefor and to declare an emergency." We so hold.

The information is vigorously attacked because its al legations are in the disjunctive. In this particular it follows the language of the act, section 9622, Comp. St. 1922, verbatim. Our court has frequently approved the practice of drawing the information in the words of the statute, and in this case no surprise or disadvantage to the defendant was occasioned thereby, and no miscarriage of justice can have resulted therefrom. Our provision as to pleading, section 10074, Comp. St. 1922, is as fol-

lows: "No indictment shall be deemed invalid, nor shall the trial, judgment or other proceeding be stayed, arrested or in any manner affected, * * * for any surplusage or repugnant allegation when there is sufficient matter alleged to indicate the crime or person charged; nor for want of the averment of any matter not necessary to be proved; nor for any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

In this case it does not appear that the defendant was prosecuted for more than the one crime, and where the use of the disjunctive does not result in a prosecution for distinct or separate crimes the objection that the allegation was in the disjunctive cannot be successfully urged upon review. This seems clear from the language of the statute above quoted. But independently of this, the alternative charge in the words, "or by putting in fear," may be regarded as surplusage or as redundant, and the information still stands as charging the felony provided by the statute. The defendant entered the bank and did violence or acted with violence with intent to steal, etc. This view is supported by the case of *Hase v. State,* 74 Neb. 493, in which the court said in the syllabus: "Where words appear in an information which might be stricken out, leaving an offense sufficiently charged, and such words do not tend to negative any of the essential averments therein, they may be treated as surplusage, and be entirely rejected."

These considerations apply to the assignment of error of the defendant that the information was subject to the vice of duplicity. We hold that there was no reversible error on this account. We must also hold against the defendant upon his contention that it is not averred in the information that there was any money or property in the bank to be    stolen,    taken    or    carried    away. This was not necessary. In this case the robbers secured and carried away some $1,700. But the actual securing of any money or property is not of the essence of the

charge.    The felony created by the statute lies in the violence of or against the bank and in the intent to steal, take or carry away.

The records in this case have been carefully read and thoroughly considered, and it does not appear that the trial court was guilty of any abuse of discretion in overruling the motion for a new trial, or in refusing the defendant further time in which to obtain a showing as to newly discovered evidence.   The newly discovered evidence would have been somewhat in the nature of cumulative evidence, inasmuch as its object was to show that the cashier of the bank and the bookkeeper of the bank were not able to identify the defendant.   The testimony of Mr. John M. Berger, attorney, was to this effect, and there were other circumstances which made the matter a question for the jury upon conflicting evidence.   The showing was not sufficient to require the court as a matter of law to extend the time, and the court's action in overruling the motion, as it did, was not reversible error.

We are of opinion that the judgment of the trial court ought to be, and it hereby is

AFFIRMED.