CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

## SEPTEMBER TERM, 1925.

HENRY W. WINKELMANN V. STATE OF NEBRASKA.

FILED OCTOBER 26, 1925. No. 24473.

1. **Information.** Where a crime created by statute may be committed by any of several methods set forth in the statute, the information may charge in a single count that it was committed by any or all of the enumerated methods if they are not inconsistent with or repugnant to each other.

2. ———: EMBEZZLEMENT. Where, under section 9638, Comp. St. 1922, a bank cashier is charged in one count of an information with embezzling, abstracting and misapplying $1,000 of the bank's funds, and all the acts charged relate to a single transaction, only one offense is charged.

3. ———: DUPLICITY. Where a count in an information is seemingly faulty because of duplicity, and, on defendant's application, a bill of particulars is furnished showing that a single, specific offense is relied on for a conviction, it is not prejudicial error for the trial court to overrule a motion to quash the information on grounds of duplicity, or to refuse to require an election by the state as to which of the offenses it will rely on for a conviction.

ERROR to the district court for Hitchcock county: CHARLES E. ELDRED, JUDGE. *Affirmed.*

*J. F. Ratcliff* and *Scott & Scott,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Harry Silverman,* contra.

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

(1)

GOOD, J.

On an information which charges that he, "then and there being the cashier of the Farmers State Bank of Culbertson, Nebraska, a banking corporation, organized and doing business under the laws of the state of Nebraska, did, then and there, wilfully and feloniously embezzle, abstract and misapply the sum of $1,000, being the moneys, funds and credits of said banking corporation, with the intent to injure and defraud said banking corporation," defendant was convicted and sentenced to a term in the penitentiary. As plaintiff in error, he presents to this court for review the record of his conviction.

The propositions relied on for reversal are: (1) That the trial court committed prejudicial error in overruling defendant's motion to quash, and in overruling the motion to require the state to elect on which charge of the information, it would rely for a conviction; that is, whether for abstraction or embezzlement or misapplication of the funds of the bank; (2) that error was committed in permitting Walter D. James to appear as an attorney for the state, over objection of the defendant.

The prosecution is brought for a violation of section 9638, Comp. St. 1922. That portion of the statute applicable to the instant case is as follows:

"Every * * * cashier * * * of any banking company, who shall embezzle, abstract or wilfully misapply any of the moneys, funds or credits of such company, * * *with an intent in either case to injure or defraud such company, * * * shall be confined to the penitentiary not less than one year nor more than ten years."

It will be observed that the information is in the language of the statute, except that the several acts are charged conjunctively, instead of disjunctively. Defendant insists that the information charges him: First, with embezzlement of the moneys of the bank; second, with abstraction of the funds of the bank; and, third, with misapplication of the funds of the bank, with an intent, in each case, to defraud.

Counsel for defendant cite and rely upon a number of decisions rendered by the circuit and district courts of the United States, which construe and interpret the meaning of section 5209, Revised Statutes of the United States. That statute is very similar to section 9638 of the Nebraska statutes. The cases referred to seem to hold that embezzlement, abstraction and misapplication of funds of a national bank by one of its officers are three separate and distinct offenses, and that they may not be joined in one count of an indictment. The supreme court of Texas, in *Todd v. State,* 89 Tex. Cr. Rep. 99, construes a similar statute, as do the federal courts. Were the question an open one in this state, we might look with favor on defendant's contention. In this state, however, it has long been the rule, supported by numerous decisions of this court, that a statutory offense may be charged in an information in the language of the statute, and that, where a statute creates a crime and enumerates a number of ways in which it may be violated, the information may charge that it was committed by all the enumerated ways, provided they are not inconsistent with or repugnant to each other.

Among the decisions of this court supporting the rule are *Brown v. State,* 107 Neb. 120; *Smith v. State,* 109 Neb. 579; *State v. Leekins,* 81 Neb. 280; *Hase v. State,* 74 Neb. 493; *Bartley v. State,* 53 Neb. 310; *Mills v. State,* 53 Neb. 263. Authorities from other jurisdictions supporting the rule are *State v. Montgomery,* 109 Mo. 645; *State v. Hogle,* 156 Mo. App. 367; *State v. King,* 81 Ia. 587; *People v. Frank,* 28 Cal . 507. See, also, 31 C. J. 764, sec. 325.

We are of the opinion that the different acts alleged as constituting the offense, viz., embezzlement, abstraction and misapplication of the bank's funds, are not inconsistent with or repugnant to each other. It may be fairly said that the term "embezzlement" includes the idea of abstracting and misapplying the funds of another. Moreover, in the instant case, at the outset of the trial the state, on defendant's application, was required to and did furnish the defendant with a bill of particulars of the facts relied upon

for a conviction. The bill of particulars clearly shows with what facts the defendant would be confronted in court, and, in this case, fully apprised him that embezzlement of the bank's funds would be proved, or attempted to be proved. The reason for the rule against duplicity in a count of a criminal information is that such an information does not fairly apprise the defendant of the offense he is required to meet in court. Since the defendant was fully apprised, there was no occasion to apply the rule.

Under all the circumstances in this case, the overruling of the motion to quash the information and the overruling of the motion to require the state to elect on which charge in the first count of the information it would rely for a conviction was not prejudicial to the defendant.

With respect to the appearance of Mr. James as an attorney in the case, the record fails to disclose that Mr. James in any manner took any part in the trial or had anything whatever to do with the presentation of the case. At one stage of the proceeding, an objection was made to his appearing in the case, and the court ruled that he would not be permitted to take any active part as an attorney, but that counsel in charge for the state would not be barred from consulting with him, or with any other person, as to knowledge of facts or information in the trial of the case. The record, however, does not even show that counsel for the state consulted or conferred with Mr. James about any facts. This assignment is wholly without merit.

No prejudicial error has been shown. The judgment of the district court is therefore

AFFIRMED.