STATE OF NEBRASKA, APPELLEE, v. STEPHEN T. NOVAK, APPELLANT.

147 N. W. 2d 156

Filed December 16, 1966.   No. 36309.

James F. Green, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, and McCOWN, JJ., and MANASIL and HASTINGS, District Judges.

BOSLAUGH, J.

The defendant, Stephen T. Novak, was convicted of soliciting, proposing, or agreeing to receive a bribe in violation of section 28-708, R. R. S. 1943.   His motion for new trial was overruled and he has appealed.

The case arose out of an application to rezone a tract of land at Eighty-first Street and Farnam Drive in Omaha, Nebraska. The defendant was a member of the city council and voted for the rezoning. The State's theory of the case is that the defendant, in conspiracy with others, solicited, proposed, and agreed to receive a bribe in the amount of $10,000 for a favorable vote on the rezoning application.

The defendant was charged by indictment. Upon the motion of the State, the indictment against the defendant was consolidated for trial with indictments against Ernest A. Adams and Ronald J. Abboud. Although each defendant has appealed separately, a number of the assignments of error are common to all three appeals.

We have this day affirmed the convictions of Adams and Abboud. See State v. Adams, *ante* p. 75, 147 N. W. 2d 144; State v. Abboud, *ante* p. 84, 147 N. W. 2d 152. This opinion will be limited to a discussion of the assignments of error which are not disposed of by the opinions in State v. Adams, *supra,* and State v. Abboud, *supra.*

The defendant's motion to quash the indictment was overruled and that ruling is assigned as error. The defendant complains that the indictment stated three charges in the alternative in a single count.

The defendant was charged in the language of the statute with soliciting, proposing, or agreeing to receive a bribe. Where a statutory crime may be committed by any of several methods, an indictment may charge in a single count that it was committed by any or all of the enumerated methods if they are not inconsistent with or repugnant to each other. Hoffman v. State, 164 Neb. 679, 83 N. W. 2d 357; Winkelmann v. State, 114 Neb. 1, 205 N. W. 565. There was no prejudice to the substantial rights of the defendant upon the merits. § 29-1501, R. R. S. 1943; Brown v. State, 107 Neb. 120, 185 N. W. 344; Smith v. State, 109 Neb. 579, 191 N. W. 687.

The defendant, over objection, was required to appear

before the grand jury as a witness and was denied the right to have his counsel present in the grand jury room. The defendant contends that the denial of his request for the presence of his counsel in the grand jury room invalidates the indictment.

As we understand the record, there is no contention that the defendant was compelled to answer any questions other than as to his name and address; that he was advised as to his right to counsel, his privilege against self-incrimination, and that he would be permitted to leave the grand jury room to consult with counsel; and that defendant claimed his privilege against self-incrimination, was permitted to leave the jury room, and that his privilege was sustained by the trial court. Under the circumstances of this case the denial of the right to have his counsel present in the grand jury room did not result in any prejudice to a substantial right of the defendant. The assignment of error is without merit.

The defendant filed a discovery motion which requested permission to inspect and copy transcripts of recordings of the conversations between John B. Coleman, a witness for the State, and the defendant and others, and "all other evidence in the possession of the prosecution relevant to exonerate the defendant or to establish any defense available to the defendant." This motion was overruled, but the trial court later ordered that the defendant be furnished with a transcript of the tape recordings. The record further indicates that the defendant's counsel was afforded an opportunity to hear the recordings in their entirety before they were received in evidence.

The trial court is invested with a broad discretion in ruling upon a discovery motion in a criminal case. Cramer v. State, 145 Neb. 88, 15 N. W. 2d 323. The record does not show an abuse of that discretion by the trial court in this case.

Recordings of conversations between Coleman and the defendant, and others, were received in evidence over

the objections of the defendant. The defendant complains that the recordings should not have been received because there was no sufficient identification of the voices which had been recorded and were heard by the jury.

Coleman, who was the principal witness for the State, testified at length concerning the conversations which had been recorded. There were other witnesses who testified as to who was present at the time the conversations took place. There was sufficient identification of the voices to permit the recordings to be received in evidence and be heard by the jury.

The rezoning application involved in this case did not receive a favorable vote upon its first consideration by the planning board of the city of Omaha. At the suggestion of Carville R. Buttner, a member of the planning board, the defendant and Buttner made a trip to Houston, Texas, at Coleman's expense to inspect similar developments there.

The rezoning application was approved by the planning board on August 3, 1964. Coleman testified that on that evening he talked with Buttner and was told that he would have to pay $2,000 to the defendant, several hundred dollars to Adams, and give the construction contract to Abboud to get the rezoning approved by the city council.

On the following morning, Coleman had a conversation with Buttner, Abboud, and the defendant. This conversation was similar to that which had occurred on the preceding evening in which Coleman had been advised that he would have to pay Novak and Adams and give the construction contract to Abboud to obtain council approval of the rezoning.

A third, similar conversation took place with Buttner on August 13, 1964. A fourth, similar conversation took place with Abboud the following morning. According to Abboud, Coleman would have to pay $2,000 to Novak and $5,000 to Adams.

Coleman testified that he delivered a check, identified as exhibit 3, for $2,000 to the defendant on August 27, 1964. This check was later returned to Coleman by Abboud uncashed. On September 7, 1964, Coleman had a conversation with the defendant in which the defendant said that he had given the check to Abboud because the defendant felt that it was too dangerous to have a check made out to him directly.

On September 8, 1964, Coleman had a conversation with the defendant in which the defendant stated that Adams would want his payment the night after the rezoning was approved. The city council held a public hearing on the rezoning application that evening. Late in the evening Coleman had a conversation with Abboud in which Abboud said that the payment to the defendant would be $10,000.

On September 10, 1964, Coleman had a conversation with Abboud and the defendant in which Coleman was directed to issue a check for $2,000 to Abboud for the defendant. Coleman then delivered a check, identified as exhibit 1, in the amount of $2,000 to Abboud. Exhibit 43 is a photocopy of a check in the amount of $2,000 payable to the defendant and signed by Abboud which was dated and cashed on September 11, 1964.

On September 23, 1964, Coleman had a conversation with Abboud regarding the $8,000 balance to be paid Novak. Coleman at that time delivered a check in the amount of $8,000 to Abboud.

The evidence, although in part circumstantial, was sufficient for the jury to find that a conspiracy existed; that the defendant was a member of the conspiracy; and that he was guilty of soliciting, proposing, and agreeing to receive a bribe in the amount of $10,000 from Coleman.

The defendant contends that the trial court erred in admitting in evidence exhibits 1, 2, 3, 4, 43, and 44. Exhibits 1, 3, and 43 relate to the defendant in this case. Exhibits 2, 4, and 44 relate to Adams.

Exhibit 44 is a photocopy of the check for $5,000 from Abboud to Adams which was later returned unpaid as drawn on uncollected funds. Exhibit 8, referred to in State v. Adams, *ante* p. 75, 147 N. W. 2d 144, is a photocopy of the same check after it had been returned to Adams with an advise of charge slip attached to it. Exhibit 2 is the check for $5,000 which Coleman gave to Abboud on September 16, 1964, to reimburse Abboud for the payment Abboud had made to Adams. Exhibit 4 is a photocopy of exhibit 2 which was made before Coleman delivered exhibit 2 to Abboud. A notation, "Earnest Deposit on 72 Maple," which appears on exhibit 2, was placed on the exhibit after it had been delivered to Abboud by Coleman and does not appear on exhibit 4.

Exhibit 3 is the check for $2,000 from Coleman to "Steve Novak Realty Company" which was delivered to the defendant by Coleman on August 27, 1964, and later returned uncashed by Abboud. Exhibit 1 is the check for $2,000 from Coleman to "Abboud Investment Co." handed to Abboud by Coleman on September 10, 1964. Exhibit 43 is a photocopy of the check for $2,000 from "Abboud Investment Company, Inc." to the defendant which was dated and cashed September 11, 1964.

The defendant argues that the checks were not admissible because they were evidence of lawful acts. The evidence of the State, which the jury believed, established that the acts evidenced by the checks were unlawful acts.

The defendant further argues that there was no proof that the banks or the accounts on which the checks were drawn existed, and that some of the payees and drawers were not identified. The defendant was charged with soliciting, proposing, or agreeing to receive a bribe. The exhibits were clearly admissible as evidence of the defendant's efforts to obtain a bribe even though they also tended to prove that the bribe was actually received.

So far as the best evidence rule is concerned, the orig-

inal check, of which exhibits 8 and 44 are photocopies, was produced by Adams and appears as exhibit 54. As to exhibit 43, the testimony shows that the photocopy was made after the checks had been presented and paid by the Omaha National Bank, and that in the normal course of business the original would be returned to the maker Abboud. The objections to the exhibits were properly overruled.

The defendant complains that the trial court failed to instruct the jury concerning the crime with which the defendant was charged, and that instruction No. 13 was erroneous.

Instruction No. 2 advised the jury concerning section 28-708, R. R. S. 1943, as applicable in this case. Instruction No. 3 advised the jury that a city councilman is a public officer. Instruction No. 6 summarized the charge against the defendant. Instruction No. 15 advised the jury as to the material elements of the charge against the defendant. We think the instructions given concerning the crime charged were adequate.

Instruction No. 13 advised the jury that it must consider the guilt of each defendant separately and that it must acquit Abboud if verdicts of not guilty were returned as to Adams and Novak. We find no error in the instruction.

The judgment of the district court is affirmed.

AFFIRMED.