STATE OF NEBRASKA, APPELLEE, v. HENRY REICHEL, APPELLANT.

165 N. W. 2d 743

Filed March 14, 1969. No. 37098.

William A. Wieland, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The defendant, Henry Reichel, was convicted of burglary and sentenced to 10 years' imprisonment. The judgment was affirmed by this court in State v. Riley, 182 Neb. 300, 154 N. W. 2d 741.

The defendant then filed a motion under the Post Conviction Act alleging that the denial of his pretrial discovery motion had violated his constitutional right to a fair trial. This issue was not raised in the prior appeal. State v. Riley, *supra.*

The trial court ordered that cause be shown why the relief prayed for should not be granted. The State filed a return stating that the motion failed to allege grounds upon which relief could be granted. The trial court found that the defendant was not entitled to post conviction relief and overruled the motion without a hearing. The defendant has appealed.

The defendant was charged with breaking and entering a building where a smelter was operated. The smelter produced large quantities of dust and there was a heavy layer of black dust on the window sill of one of the windows broken in the burglary. When the defendant was apprehended in the vicinity of the premises soon after the burglary there was "a lot of black dirt or dust" all over his clothing.

The purpose of the pretrial discovery motion was to allow the defendant to inspect and copy a chemical analysis laboratory report which the State had obtained from the Federal Bureau of Investigation. The report concerned an analysis of dirt samples taken from the premises where the burglary occurred and dirt samples taken from the clothing of the defendant.

The trial court has a broad discretion in ruling upon a discovery motion in a criminal case. State v. Novak, 181 Neb. 90, 147 N. W. 2d 156. Such a motion should be granted where required by the interests of justice. Cramer v. State, 145 Neb. 88, 15 N. W. 2d 323. The burden is on the defendant to show why the motion should be granted. Linder v. State, 156 Neb. 504, 56 N. W. 2d 734. See Annotation, 7 A. L. R. 3d 8.

The report referred to in the defendant's motion was not produced at the trial and no expert testified concerning the tests made or the results of the tests. However, the defendant called the deputy county attorney as a witness and proved that some of the defendant's clothing and samples of dirt from the premises had been sent to a laboratory for examination. On cross-examination this witness testified that tests had been made

and a report received. The defendant objected to questions as to the results of the tests or what the report stated, and his objections were sustained.

The defendant made no request during the trial to examine the report and no effort was made in this proceeding. The record suggests that the defendant's trial strategy was to obtain the benefit of the inference that might be drawn from the failure of the State to use the results of the scientific investigation in its case.

The defendant now relies upon Brady v. State, 373 U. S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215, and claims that the State suppressed evidence favorable to him. The Brady case involved the suppression of the confession of an accomplice in which the accomplice admitted the actual homicide.

There is no showing in this case as to what the contents of the laboratory report might be. But it cannot be said that the State suppressed the report in view of the attempt of the State to show the results of the tests and what the report stated during the cross-examination of the deputy county attorney.

The record sustains the denial of post conviction relief. The judgment of the district court is affirmed.

AFFIRMED.