**Virgil D. RILEY, Petitioner,**

v.

**Maurice H. SIGLER, Respondent.**

**Civ. No. 1456 L.**

United States District Court,
D. Nebraska.

July 29, 1970.

Audley Hendricks, Lincoln, Neb., for petitioner.

Calvin E. Robinson, Asst. Atty. Gen., for respondent.

## MEMORANDUM

URBOM, District Judge.

This matter is before the court for final determination of the petitioner's application for writ of habeas corpus. The petitioner is presently incarcerated in the Nebraska Penal and Correctional Complex by virtue of a conviction in the District Court of Lancaster County, Nebraska, for breaking and entering and as an habitual criminal. This court appointed counsel for the petitioner, an evidentiary hearing was conducted, and the case submitted.

The parties have entered into a stipulation regarding facts and controverted issues and have agreed that the statement of facts contained in the brief of the petitioner is a statement of the uncontroverted facts. The parties have stipulated the following as a list of controverted issues:

1. Where petitioner's fingerprints used for comparison with other fingerprints at the trial along with testimony that the petitioner's fingerprints had been taken by a police officer in 1964 and were kept in the criminal records of the police department, whether this evidence in the circumstances of the trial suggested a prior criminal record in such a manner as to violate due process of law;

2. Where petitioner's pretrial attempt to obtain FBI reports of the analysis of dust samples at the scene of the crime and samples of dust from the petitioner's clothing was denied by the trial court and where testimony at the trial revealed both that the scene of the crime had accumulations of dust and that the petitioner's clothing was dirty, whether these factors in the circumstances of the trial constituted a violation of due process of law;

3. Whether petitioner has exhausted his state court remedies as to issue numbered 2 above.

A brief summary of the facts as contained in petitioner's brief follows. A substantially similar summary of facts can be found in the opinion of the Supreme Court of Nebraska in the case of State v. Reichel, 184 Neb. 194, 165 N.W. 2d 743 (1969).

The petitioner and a co-defendant, in clean clothes, were observed in a tavern in Lincoln, Nebraska, between 9:00 p. m. and 12:00 p. m. on the evening of Saturday, July 9, 1966. Early in the morning of July 10, 1966, windows were broken in the Northwestern Met-

al Company building in Lincoln, Lancaster County, Nebraska, and the building entered. Inside the lunchroom a candy machine and Seven-Up machine were broken open and in the office of the building several tools were found. Petitioner Riley and co-defendant Reichel were later apprehended in an automobile which co-defendant Reichel was driving in the near vicinity of the Northwestern Metal Company. Both men were perspiring freely and their clothes were badly soiled with black dirt or dust. Inside the plant is a smelter which produces a great deal of dust and smoke and sometimes requires the use of respirators by employees. On July 10, 1966, at about 4:20 a. m., a few minutes after the apprehension of petitioner and his co-defendant, Kenneth Smith, a police officer, made an examination of the candy and Seven-Up machines which had been broken into. On the candy machine he found and collected a latent palm print of identifiable quality and on the Seven-Up machine he found and collected two identifiable latent fingerprints.

At the trial these fingerprint "lifts" were compared with fingerprints taken of the petitioner Riley and co-defendant Reichel. Fingerprints had been taken from co-defendant Reichel when he was admitted to the jail following the apprehension on this charge. However, the fingerprints of petitioner Riley introduced at the trial were copies of those that had been taken at an earlier time and had been kept in the police files. It was estimated by a witness that the fingerprints of the petitioner had been taken approximately two years prior to his then current arrest. The photocopy of the fingerprint card had been altered and cut apart to the extent that most identifying marks had been removed; however, the words "Police Department, Lincoln, Nebraska" did appear at the bottom of the fingerprint photocopy.

At this point it should be noted that this court has recently ruled on the petition for writ of habeas corpus of Henry Reichel, the co-defendant of Virgil Riley, petitioner herein. Reichel's petition was denied in the unreported memorandum opinion of Judge Robert Van Pelt in Reichel v. Sigler, Civ. 1558 L, dated June 12, 1970. Substantially identical issues were raisd in Reichel v. Sigler as in the present case and frequent reference will hereafter be made to the Reichel opinion.

I. EXHAUSTION OF REMEDIES

The petitioner has exhausted his state remedies with respect to the first issue concerning the admission of the fingerprint evidence. See State v. Riley et al., 182 Neb. 300, 154 N.W.2d 741 (1967). However, the petitioner has never presented the second issue involving discovery of the FBI report to the consideration of the Supreme Court of Nebraska either through direct appeal or through collateral post-conviction proceeding. Normally, this would preclude the petitioner from presenting the issue in this court. 28 U.S.C.A. § 2254. The precise issue has, however, been presented to the Supreme Court of Nebraska's attention by petitioner's co-defendant, Reichel. See State v. Reichel, supra. The FBI report sought to be discovered before trial and the partial subject of this petition pertained to dust and dirt found on the clothes of both co-defendants and compared to the dust and dirt found on the window sill of the Northwestern Metal Company. The motion for production was made jointly by both co-defendants before their joint trial. The trial court denied the motion as to both Riley and Reichel. Although only Reichel made this discovery issue the substance of an appeal to the Supreme Court of Nebraska, this court is of the opinion that petitioner Riley could present no new material facts to that court's attention and, assuming the Supreme Court of Nebraska would follow its own law set down in State v. Reichel,

supra, it would be pointless to require petitioner Riley to return to the state courts to adjudicate the issue. See, e. g., McDonald v. Moore, 353 F.2d 106 (C.A. 5th Cir. 1965). The court finds the exhaustion to be sufficient in the special circumstances presented here, especially where this court has ruled on the precise issues in Reichel v. Sigler and petitioner Riley has presented no additional facts for consideration.

## II. DISCOVERY OF FBI REPORT

Since the petitioner has presented no new facts or arguments for the court's consideration regarding the alleged denial of due process of law created by the trial court's overruling of petitioner's motion for production of documents, the court relies on the complete discussion of law set forth in Reichel v. Sigler, supra. That opinion found no suppression of evidence and fully demonstrated that no abuse of discretion occurred where the trial court refused to permit discovery of the FBI report.

The court is of the opinion that Reichel v. Sigler is fully controlling and, accordingly, finds that no violation of due process of law has been shown by the petitioner.

## III. ADMISSION OF FINGERPRINT RECORD AS SUGGESTION OF PRIOR CRIMINAL RECORD

Again, this issue has been substantially before the court in Reichel v. Sigler. However, there are some factual differences which must be noted.

The fingerprints considered in *Reichel* had been taken upon Reichel's admission to the jail and had been introduced into evidence in original form with certain printed language and markings on the reverse side of the fingerprint card masked off from the jury's view. However, the fingerprints of petitioner Riley had been taken by the Lincoln Police Department approximately two years prior to the time he was admitted to jail on the present charge. The fingerprints as seen by the jury were in the form of

photocopies; however, the words "Police Department Lincoln Nebraska" appear at the bottom of the photocopies (E 251). The police fingerprint specialist testified that he had taken the original fingerprints of the petitioner in 1964, although he could not recall the exact date (E 249:15–16).

The fact that the photocopies were marked as property of the Lincoln Police Department is of no significance and does not distinguish this case from Reichel's. In the admission of both Riley's and Reichel's fingerprints it was quite clear that the fingerprints had been taken by the police. All of the foundational testimony was given by police officers and they freely acknowledged the taking of the prints. The mere fact that the jury knows that police officers have taken fingerprints of a defendant does not prejudice the defense.

The only relevant difference in the fingerprint evidence between petitioner Riley and his co-defendant Reichel was the passing reference by the police fingerprint specialist which indicated that the Riley fingerprint card had been on file for two years preceding the present charge. However, there was no assertion that the petitioner had previously been charged with a crime or as to why the fingerprint card was on file. The jury could only speculate that petitioner had a record of other crimes. To counter that, the trial judge gave Instruction No. 1 which cautioned the jury to "* * * not indulge in speculations, conjectures, or inferences not supported by the evidence." (T 23).

The court is convinced that the slight factual difference of the present case does not take it beyond the controlling authority of Reichel v. Sigler. The reasoning of that opinion and the law cited therein is dispositive of the issue here. See also the recent case of United States v. Christian, 427 F.2d 1299 (C.A. 8th Cir. 1970). In that case the Court of Appeals held reversible error did not occur where an FBI agent testified at

trial that the defendant had previously been incarcerated in a federal correctional institution and no cautionary instruction was given by the trial judge to cure any possibility of error. The present case contains no such straightforward indication of prior crime and the court finds no prejudicial error occurred in the trial of the petitioner.

An appropriate order will this day be entered denying the petition for writ of habeas corpus.