**Virgil D. RILEY, Appellant,**

v.

**Maurice H. SIGLER, Warden, Nebraska Penal Complex, Appellee.**

**No. 20483.**

United States Court of Appeals,
Eighth Circuit.

Feb. 1, 1971.

Virgil D. Riley, filed brief pro se.

Clarence A. H. Meyer, Atty. Gen. of Neb., Lincoln, Neb., and Calvin E. Robinson, Asst. Atty. Gen., filed brief for appellee.

Before VAN OOSTERHOUT, GIBSON and LAY, Circuit Judges.

PER CURIAM.

The petitioner Virgil D. Riley, a state inmate of the Nebraska Penal Complex, appeals from a denial of his federal habeas corpus application in the District Court of the District of Nebraska, the Honorable Warren K. Urbom presiding. The petitioner was tried and convicted in the Nebraska state court in a jury trial of breaking and entering and as an habitual criminal. This judgment was affirmed by the Nebraska Supreme

Court, State v. Riley, 182 Neb. 300, 154 N.W.2d 741 (1967). He complains basically of two alleged errors in the state trial court. A police officer in testifying about the petitioner's fingerprints stated that he took them in 1964, which was some two years before the trial on the incarceration charge, and the trial court refused to allow the defendant and his co-defendant to inspect an FBI report on their clothing.

The breaking and entering charge arose out of an entry into the Northwestern Metal Company of Lincoln, Nebraska, whose operation of a smelter produced considerable dust and dirt on their premises. The petitioner and his co-defendant Reichel, in clean clothes, were observed in a tavern in Lincoln, Nebraska, a few hours before the break-in occurred. A window was broken apparently to gain entry and a candy machine and 7-Up machine were broken open. Riley and his co-defendant were apprehended in an automobile near the vicinity of the Metal Company. Both men were perspiring freely and their clothes were soiled with black dirt or dust. A latent palm print on the 7-Up machine matched the palm print of petitioner Riley. The clothes of the petitioner and his co-defendant were sent to the FBI for analysis with dust or dirt found in the Metal Company but no report of the analysis was introduced at the trial.

■ Petitioner contends that the questioning of the police officer on Riley's fingerprints indicates that he had previously been involved with the police and thus had a record. The fingerprint card of Riley's print introduced into court contained the words "Police Department, Lincoln, Nebraska" at the bottom of the fingerprint photocopy. This fact is immaterial as it is common knowledge that fingerprints are taken by police departments. The fact that the police officer testified that he made the fingerprint record of Riley in about 1964 (some two years before this trial) would at most constitute harmless error. The evidence of date should not have been introduced but even so it does not show a prior criminal conviction. Fingerprints are taken for many purposes, employment, military identification, personal identification, etc. In viewing harmless error "The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." Fahy v. State of Connecticut, 375 U.S. 85, 86 and 87, 84 S.Ct. 229, 230, 11 L.Ed.2d 171 (1963). The evidence against the petitioner was substantial and there was no reasonable possibility that the evidence as to the date the fingerprints were taken contributed to the conviction. The petitioner was arrested near the scene of the crime under suspicious circumstances and his palm print was found upon the broken into 7-Up machine.

■ Petitioner argues that the State suppressed evidence in failing to allow inspection of the FBI report on the analysis of petitioner's clothing. Petitioner's co-defendant Reichel made the same contention before the Nebraska Supreme Court and was rejected (State v. Reichel, 184 Neb. 194, 165 N.W.2d 743 (1969)) and also in a federal habeas corpus proceeding heard by Judge Van Pelt with like result. While petitioner's case does not contain evidence of the substance of the FBI report the *Reichel* case does. The report reads:

"Nothing which could be specifically associated with the K11 debris [window sill soot] * * * or with debris typical of a smelter was found in the specimens K1 through K9b [including Reichel's clothing]. The dark smudges on the clothing were too limited for significant comparison."

The petitioner claims an analogy of his situation with Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), where a suppressed exculpatory statement of a co-defendant was held violative of due process. The *Brady* Court said:

"We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is

material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U. S. at 87, 83 S.Ct. at 1196.

Judge Van Pelt in Reichel's habeas corpus found no suppression of evidence as the existence of it was known to Reichel (as well as the petitioner) and a motion was filed by counsel to inspect it. The report did not appear relevant because it was in effect non-committal or at best inconclusive. As noted in Judge Van Pelt's opinion "Thus it appears that the report failed to establish any relevant factor concerning the dirty clothing, the smudges being too limited for significant chemical analysis. The court sees no way that the information contained in the report would have proved material to the petitioner's defense in the trial court." In Nebraska at the time of Riley's trial the extent of pretrial discovery in a criminal case was addressed to the sound discretion of the trial judge whose discretion was broad. State v. Reichel, 184 Neb. 194, 165 N.W.2d 743 (1969). Judge Van Pelt in *Reichel* and Judge Urbom in this case found no abuses of discretion and neither do we.

Riley's case is not at all comparable to Brady v. Maryland where the prosecution suppressed the confession of an accomplice admitting the actual homicide, nor is this a situation where the prosecution has caused or tolerated perjury. Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); Alcorta v. Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L. Ed.2d 9 (1957); Pyle v. Kansas, 317 U. S. 213, 63 S.Ct. 177, 87 L.Ed. 214 (1942). Certainly the courts would not condone perjury nor permit the suppression of relevant evidence by the prosecution that would exculpate or mitigate the offense of an accused. This report was not exculpatory and its relevance was not demonstrated. This negative type of evidence is not dispository of the guilt issue and would appear to have no probative value either way on the guilt issue.

■ The petitioner also complains that even if none of the errors complained of individually would constitute a denial of a fair trial or due process that the total of them would add up to an unfair trial, citing State v. Davis, 185 Neb. 433, 176 N.W.2d 657 (1970). We find no similarity to the *Davis* case as the reference to the time the fingerprint was taken was harmless error and the trial judge was within his permissible range of his discretion in not allowing the petitioner and his co-defendant to examine the inconclusive FBI report.

The judgment of the District Court is affirmed.