STATE OF NEBRASKA, APPELLEE, v. RAY CHARLES ADKINS, ALSO KNOWN AS MICHAEL A. WOODARD, APPELLANT.

265 N. W. 2d 454

Filed May 3, 1978. No. 41717.

John R. Hall of McDermott & Hall, for appellant.

Paul L. Douglas, Attorney General, and Royce N. Harper, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

The defendant was found guilty of the crime of robbery as defined by section 28-414, R. R. S. 1943, and was sentenced to a term of 3 to 5 years in the Nebraska Penal and Correctional Complex.

On this appeal he makes the following assignments of error: (1) The court erred in not directing a verdict for the defendant on the charge of robbery for the failure of the State to prove that the theft was accomplished by force, violence, or by putting the victim in fear of harm. (2) The court erred in not allowing the plea bargain between the State and defendant. We affirm.

Section 28-414, R. R. S. 1943, provides as follows: "Whoever forcibly, and by violence, or by putting in fear, takes from the person of another any money or personal property, of any value whatever, with the intent to rob or steal, shall be deemed guilty of robbery, and upon conviction thereof shall be imprisoned in the Nebraska Penal and Correctional Com-

plex for a term of not less than three years and not more than fifty years." The defendant's argument in support of the first assignment is that the force used, as shown by the evidence, was insufficient to affect the transfer of the property. State v. Blunt, 187 Neb. 631, 193 N. W. 2d 434. He contends, therefore, that there is a failure of proof of one of the essential elements of the crime of robbery, namely, force or violence.

The record establishes that the defendant and a female accomplice conspired to "roll" the victim. All the parties at the time were drinking at a bar. The victim was induced to enter the accomplice' automobile on the pretense that she would go to his place for a "party." He had previously given her $20 for a kiss and promised more. The defendant accompanied the accomplice and the victim into the car on the pretense of being taken home. Instead, the accomplice drove to an isolated spot. There the defendant put his arm around the victim's neck and shoulder, squeezed, and said he would hurt him if he didn't give him his money. The defendant then reached over and took the victim's billfold and removed approximately $200 from it. There was evidence other threats were made and that the victim was placed in fear, and that the robbery was accomplished by that means. The accomplice, who turned State's evidence in exchange of dismissal of a robbery count and for the filing of a petit larceny charge, testified that the victim was "pretty shook up and his voice was real shaky." The evidence was clearly sufficient to permit the jury to find that the money was obtained by placing the victim in fear.

Robbery may be committed either by force and violence, or by putting in fear. The pleading of these elements may be conjunctive and proof of accomplishment by either method is sufficient. Brown v. State, 107 Neb. 120, 185 N. W. 344; Williams

v. State, 51 Neb. 711, 71 N. W. 729. The defendant's first assignment of error is not meritorious.

Prior to trial the prosecutor moved the court to permit the substitution of charges of assault and battery and petit larceny for the robbery charge and indicated to the court that a plea bargain had been made, under the terms of which the defendant would plead guilty to the substituted charges, the robbery charge would be dismissed, and the defendant would accept consecutive sentences on the charges pleaded to. The trial judge, after examining the defendant's previous record and interrogating the prosecutor as to the evidence on the robbery charge, declined to permit the dismissal of the robbery charge.

The defendant argues that the court should have approved the plea bargain and relies upon American Bar Association Standards Relating to Pleas of Guilty, § 1.8 (a) (i), (iv), pp. 36, 40, which advance the following grounds as appropriate considerations granting sentencing concessions: The plea of guilty or nolo contendere aids the ensuring of prompt and certain application of correctional measures to the defendant; the plea makes a public trial unnecessary, and if the State's evidence is weak, that should be considered. We have never adopted the standard and have left the matter in the discretion of the trial court. "The trial court is afforded a large measure of discretion in deciding whether or not to accept plea bargain arrangements." State v. Stewart, 197 Neb. 497, 250 N. W. 2d 849. "Before a county attorney can dismiss an information, it is first necessary that approval of the court to do so be obtained." State v. Stewart, *supra*. See, also State v. Sanchell, 191 Neb. 505, 216 N. W. 2d 504.

AFFIRMED.