STATE OF NEBRASKA, APPELLEE, v. HENRY REICHEL, APPELLANT.

191 N. W. 2d 826

Filed November 19, 1971.   No. 37874.

Merritt E. James, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is a post conviction action involving the right to counsel. The motion to vacate sentence was overruled by the district court without an evidentiary hearing after a review of the records and files in the case.

In 1966, the defendant was found guilty of burglary and found to be an habitual criminal, and was sentenced to 10 years imprisonment. The evidence of prior felonies presented to support the habitual criminal count included a 1958 burglary conviction. The record of that 1958 conviction states: "* * * defendant appears without counsel and after specifically waiving preliminary hearing, service of copy of the information, twenty-four hours in which to plead and right of counsel, said defendant standing at the bar of this court in open court is duly arraigned * * *." The 1966 burglary conviction was appealed to this court and affirmed. See State v. Riley et al., 182 Neb. 300, 154 N. W. 2d 741 (1967). Later the defendant filed a motion for post conviction relief. The alleged grounds for relief involved discovery procedures in the 1966 burglary trial. That post conviction motion was overruled by the district court without an evidentiary hearing and that action was affirmed by this court. See State v. Reichel, 184 Neb. 194, 165 N. W. 2d 743 (1969). The present post conviction proceeding based on the right to counsel issue was commenced June 23, 1970.

The defendant contends that the 1958 record on its face is insufficient to show an intelligent and under-

standing waiver of the right to counsel. The federal cases support that position. See, Gideon v. Wainright, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799, 93 A. L. R. 2d 733; Burgett v. Texas, 389 U. S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319; Losieau v. Sigler, 406 F. 2d 795 (8th Cir., 1969); Beasley v. Wilson, 370 F. 2d 320 (9th Cir., 1966).

The State suggests that the mere recitation in the record that the defendant waived the right to counsel is sufficient to place the burden of proof upon the defendant to show that he did not intelligently and understandingly waive counsel. Even if we assumed that contention to be correct, no evidentiary hearing was granted at which either the defendant or the State would have been able to produce evidence. Having the burden of proof ordinarily presupposes the right to introduce evidence.

The Nebraska Post Conviction Act requires that unless the motion and the files and record of the case show that the petitioner is entitled to no relief, the court shall grant a prompt evidentiary hearing, determine the issues, and make findings of fact and conclusions of law with respect thereto. State v. Virgilito, ante p. 328, 190 N. W. 2d 781.

If the motion for post conviction relief here were the first occasion on which the defendant had sought to challenge this conviction in a post conviction proceeding, we would be forced to require the granting of an evidentiary hearing upon the issues raised here. However, this is the second occasion on which the defendant has sought post conviction relief from the same conviction and sentence, although the grounds now asserted are different. These grounds, however, were available to the defendant at the time of his former motion to vacate conviction and sentence.

There ought to be some final end to litigation in a criminal case. Post conviction procedures come into play only after traditional criminal procedures have been completed. Post conviction remedies are cumulative and are not concurrent with any other remedy. There is

no justification for allowing a prisoner to continue litigation endlessly by piecemeal post conviction attacks on his conviction and sentence.

Section 29-3001, R. S. Supp., 1969, dealing with our post conviction procedure, provides in part: "The court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner." We hold that a motion for relief under the Nebraska Post Conviction Act must state all grounds which are available to the prisoner as a basis for relief at the time the motion is filed. After a first motion for post conviction relief has been judicially determined, any subsequent motion for post conviction relief from the same conviction and sentence may be 'dismissed by the district court, unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time of filing a prior motion for post conviction relief.

The action of the district court was correct and is affirmed.

AFFIRMED.

SPENCER, J., not participating.