David C. **STRANGHOENER**, Appellant,

v.

James **BLACK**, Warden, Nebraska State Penitentiary, Appellee.

No. 83–1532.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 19, 1983.

Decided Dec. 1, 1983.

Paul L. Douglas, Atty. Gen., Melvin K. Kammerlohr, Asst. Atty. Gen., Lincoln, Neb., for appellee.

James A. Eske, Lincoln, Neb., for appellant.

Before HEANEY, BRIGHT, and McMILLIAN, Circuit Judges.

PER CURIAM.

Petitioner David C. Stranghoener appeals from the district court's[1] order dismissing his petition for habeas corpus without prejudice, for failure to exhaust state remedies. Stranghoener contends that he was convicted on the basis of an involuntary guilty plea, and thrt he fairly presented this claim to the Nebraska courts. We agree with the district court that Stranghoener did not exhaust his state remedies, and accordingly, we affirm.

I. *Background.*

Petitioner Stranghoener pleaded guilty to a second degree murder charge in Nebraska district court on January 14, 1980. After unsuccessfully appealing his sentence to the Nebraska Supreme Court, Stranghoener filed a pro se motion for post-conviction relief in the Nebraska district court.

In his motion before the state courts, Stranghoener contended, among other things, that his conviction was based on an involuntary guilty plea. He alleged that when he entered the plea he "was on very heavy medication which disordered [him] very badly," making him "slow to realize" what was wrong with his case; his attorney did not fully explain the charge to him, especially the requirement of intent; and he was influenced by false statements and threats of state officers, the use of prearranged perjured testimony and altered taped testimony, and poor jail conditions. In addition, Stranghoener claimed that he was denied effective assistance of counsel. The state court denied Stranghoener's motion for relief without an evidentiary hearing, and the Nebraska Supreme Court affirmed.

With the assistance of court-appointed counsel, Stranghoener sought a writ of habeas corpus in federal district court. Stranghoener's amended motion raised only the

---

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

issue of the voluntariness of his guilty plea, and it set forth supporting facts that were more specific than those in the state petition. To his claim that "heavy medication" influenced his decision to plead guilty, he added that he was receiving daily medication of 300 mg. of Elavil and 1 mg. of Stelazine. To his claim that his attorney did not fully explain the requirement of intent in the second degree murder charge against him, he added that also the court failed to explain to him the elements of the offense. Stranghoener contends in his federal petition that the state trial judge failed to establish a factual basis for his plea, but did not raise this point in his state petition. Finally, Stranghoener claimed in his state petition that factors such as "Meals," "Counseling," and "Substandard detention facilities" contributed to his inability to make a voluntary guilty plea. In his federal claim, he elaborated that he was kept in isolation; he was permitted to shower once a week and to change clothes once every three weeks; he was denied access to legal materials, reading matter, radio, television, and exercise or recreation facilities; and he was served unsanitary food.

The district court construed Stranghoener's petition as presenting the following five separate claims:

1) Stranghoener was unable to enter a voluntary plea because he was receiving daily medication of 300 mg. of Elavil and 1 mg. of Stelazine;

2) The trial court failed to explain the elements of the offense to Stranghoener before he entered his plea;

3) The trial court failed to establish a factual basis for the guilty plea;

4) Stranghoener was unable to enter a voluntary plea because he feared the use of improper prosecutorial procedures against him; and

5) Improper jail conditions coerced Stranghoener to plead guilty.

The district court held that Stranghoener failed to exhaust each of these five claims. The court reasoned that he did not exhaust his claim that medication affected his ability to make a voluntary plea because the state petition lacked the specific factual basis that supported the federal petition. The court surmised that the federal petition's inclusion of the names, amounts, and presumably authorized source of medications might be "the very information which the Supreme Court of Nebraska was looking for." The court also ruled that the four other claims were not exhausted because they either were not raised in the state petition, or were raised without sufficient specificity.

## II. *Exhaustion of Remedies.*

Stranghoener contends that the district court erred in construing his amended petition to contain five claims for relief. He argues that his petition contains only a single claim, which is that his guilty plea to the charge of second degree murder was made involuntarily. After carefully reviewing the record, we conclude that Stranghoener presents a single claim, albeit one that is supported by several different but interrelated factual bases.

■ Ordinarily, state prisoners may not obtain habeas corpus relief from a federal court without first exhausting remedies available in state court. 28 U.S.C. § 2254(b) (1976). The Supreme Court has ruled in *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), that the exhaustion requirement is satisfied only when the federal claim is "fairly presented" to the state courts. *Id.* at 275, 92 S.Ct. at 512.

■ Based on the Court's reasoning in *Picard,* we hold that a federal claim is not "fairly presented" to the state courts when factual allegations significantly affecting the determination of that claim are raised for the first time in federal court. Although the Supreme Court has never squarely addressed this issue, several other courts have reached the same decision. *See Johnson v. United States District Court,* 519 F.2d 738, 740 (8th Cir.1975); *Hudson v. Rushen,* 686 F.2d 826, 830 (9th Cir.1982); *Anderson v. Casscles,* 531 F.2d 682, 684 (2d Cir.1976).

■ Stranghoener's federal claim contained numerous factual allegations that

were not presented to the state courts. As the district court noted, the state petition contained insufficient facts for the state courts to consider Stranghoener's claim, and the federal petition seemed to contain the very information sought by the state courts. We conclude that because the factual allegations in the federal petition significantly added to the allegations made before the state court, Stranghoener's claims were not fairly presented to the state courts.

The situation here is quite different than that presented in *Hindman v. Wyrick*, 702 F.2d 148 (8th Cir.1983). In *Hindman*, the federal habeas petitioner had received a full hearing on his allegations of ineffectiveness of counsel and knew of and brought out in the state post-conviction hearing that his trial counsel had failed to call a medical witness—Dr. Griffin. In his federal petition asserting ineffectiveness of counsel, the habeas petitioner cited additional evidence from Dr. Griffin that had not been the subject of specific reference in the state proceedings. The court stated that "it is clear that the competency of Hindman's trial counsel was fully litigated in the state courts, and that the specific instance of Dr. Griffin's testimony was brought out at the hearing." *Id.* at 151.

Here, however, Stranghoener's conclusory allegations did not, in the view of the state judge in the post-conviction proceeding or the state supreme court on appeal, justify any hearing. The specific allegations made for the first time in federal court relating to the alleged involuntary plea to second degree murder added significantly to the previous bare and somewhat conclusory allegations. The addition of these substantial factual claims, if made in state court, may well have justified a hearing in which the issues might have been fully litigated, as in the *Hindman* case. Thus, *Hindman* does not compel the conclusion that Stranghoener had exhausted his claim in the Nebraska state courts.

### III. *Availability of State Remedies.*

Stranghoener argues alternatively that he has exhausted his state remedies because further recourse to the state courts is not possible. We disagree. Although Nebraska law does not favor successive applications for post-conviction relief, it cannot be said that the state courts will refuse to consider Stranghoener's petition if he clearly and specifically sets forth the basis for his claim. In *State v. Reichel*, 187 Neb. 464, 191 N.W.2d 826 (1971), the Nebraska Supreme Court held that the district court *may* dismiss successive claims for post-conviction relief. *Id.* at 467, 191 N.W.2d at 828. We interpret the permissive "may" in that holding as permitting successive applications for post-conviction relief under some circumstances. Thus, because further recourse to the state courts is possible, Stranghoener has not exhausted his state remedies.

### IV. *Conclusion.*

Accordingly, we affirm the portion of the district court's order dismissing Stranghoener's claim without prejudice for failure to exhaust state remedies.