**Harold E. DAVIS, Sr., Petitioner,**

v.

**Gary E. GRAMMER, Respondent.**

**No. CV86–L–126.**

United States District Court,
D. Nebraska.

Jan. 5, 1987.

---

Jan Beran, Lincoln, Neb. (Court-appointed), for petitioner.

Robert M. Spire, Atty. Gen., and Laura L. Freppel, Asst. Atty. Gen., Lincoln, Neb., for respondent.

## MEMORANDUM

LAY, Chief Judge, Sitting by Assignment.

On February 10, 1986, petitioner Harold E. Davis filed this petition for writ of habeas corpus in the above-named court alleging a denial of his right to due process under the Fourteenth Amendment, which was caused by the failure of the Douglas County, Nebraska, clerk of court to properly file a bill of exceptions as requested by Davis. Davis alleges that due to the clerk's failure to file the bill, he was unable to properly prosecute an appeal of his conviction and to pursue post conviction relief. Davis, however, has not exhausted his state court remedies and his petition must therefore be denied.

## BACKGROUND

In late September 1981, Davis was arrested in Douglas County, Nebraska, and charged with robbery and use of a firearm in the commission of a felony. On January 13, 1982, a suppression hearing was held regarding the admissibility of certain identification testimony and whether the police had probable cause to arrest Davis. The challenged evidence was deemed admissible and trial was commenced later that day. On the following day, the trial court declared a mistrial over certain statements made by the prosecutor. Davis was retried on March 2 and 3, 1982, and this time was convicted on both counts. On April 8, 1982, following a denial of his motion for a new trial, he was sentenced to serve five to ten years in prison on the robbery charge and three to five years on the firearm charge.

On April 23, 1982, Davis filed an appeal and a request for a bill of exceptions. On May 28, 1982, a bill of exceptions was filed in Douglas County District Court regarding the retrial and the April 8 motion for new trial, as was a supplement regarding the January 13 suppression hearing. No bill of exceptions regarding the January 13 to 14 mistrial was filed at this time. On November 10, 1982, Davis' attorney moved the Nebraska Supreme Court to permit him to withdraw from the case, representing that Davis' appeal was non-meritorious. On January 3, 1983, the motion to withdraw was granted and Davis' judgment of conviction was summarily affirmed.

On September 12, 1983, Davis filed a motion for post conviction relief in Douglas County District Court pursuant to Neb. Rev.Stat. §§ 29–3001 to 3004 (1979). The district court denied the motion holding that Davis was procedurally barred from asserting the issues raised in his motion, namely that he was arrested without a warrant and without probable cause, because they were known to him at trial and were not raised on the direct appeal of his conviction. On October 3, 1983, Davis appealed from the judgment entered upon the district court's order. On October 17, he filed a motion with the Nebraska Supreme

Court to expand the record for his post conviction appeal to include a bill of exceptions from the mistrial of January 13 and 14, 1982. By order of November 3, 1983, Davis' motion to expand the record was sustained.

On November 15, 1983, Davis sent a letter to the Douglas County Clerk of Court advising him of the supreme court's order of November 3 and requesting that the bill of exceptions from the mistrial be prepared. The following day, Davis moved for a continuance on the due date of his brief stating that because he needed to review the material in the new bill of exceptions, he needed extra time to properly prepare his brief. This motion was denied. On November 18, 1983, Davis was sent a letter from the clerk of district court which stated, "We have contacted the clerk of the Supreme Court and it is our understanding the original Bill of Exceptions is now to the Supreme Court and part of the record." On January 11, 1984, Davis filed an affidavit with the supreme court reciting his failed efforts through correspondence with the clerk of the supreme court and clerk of the Douglas County District Court, as well as contact with the Nebraska State Penitentiary Records Manager, to obtain the requested supplemental bill of exceptions. On January 19, the supreme court acknowledged receipt of the affidavit and informed Davis that the requested bill of exceptions had been on file since November 7, 1983. In a January 23 letter, Davis explained to the court that he was requesting a bill of exceptions from the mistrial, not the suppression hearing. On January 27, 1984, the court informed Davis that if his brief was not filed within ten days, his appeal would be dismissed. Davis submitted no brief, purportedly because of the lack of a full record on which to base one, and his appeal was therefore dismissed on February 29, 1984.

On June 5, 1985, Davis filed a praecipe with the Douglas County District Court requesting a transcript from the January 1982 mistrial. This transcript was filed on July 11, 1985. On October 24, 1985, Davis filed a motion to file an out of time appeal of mistrial. The district court denied this motion as untimely and beyond its jurisdiction to award the relief requested. Davis then filed this petition for writ of habeas corpus.

## DISCUSSION

■ Davis' petition must be denied. Since Davis has not fairly presented his constitutional claims to the Nebraska Supreme Court and has available to him a current nonfutile state remedy in the form of a second motion for post conviction relief, he has not exhausted his state remedies as required by 28 U.S.C. § 2254(b), (c) (1982). *See Graham v. Solem,* 728 F.2d 1533, 1535 (8th Cir.), *cert. denied,* 469 U.S. 842, 105 S.Ct. 148, 83 L.Ed.2d 86 (1984); *Thomas v. Wyrick,* 622 F.2d 411, 413 (8th Cir.1980). Davis did not file a brief in his appeal of the district court's denial of his motion for post conviction relief because he did not have a full record on which he could base his arguments. Thus, when the Nebraska Supreme Court dismissed his appeal, it had not been presented with Davis' constitutional arguments and has not had the opportunity to rule on them. Comity requires that the state be provided with the initial opportunity to consider the alleged violation of a prisoner's rights. *Powell v. Wyrick,* 657 F.2d 222, 223 (8th Cir.1981). Davis has a currently available nonfutile state remedy in the form of a second motion for post-conviction relief. Although Neb.Rev.Stat. § 29–3001 (1979), provides, "The court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner," the Nebraska courts will allow a second motion when "the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time of the filing of the prior motion." *State v. Ohler,* 215 Neb. 401, 405, 338 N.W.2d 776, 779 (1983). The purpose of this rule is to prevent piecemeal post conviction attacks on prisoners' convictions and sentences. *State v. Reichel,* 187 Neb. 464, 467, 191 N.W.2d 826, 828 (1971). This case, however, involves proceeding with the second motion with a portion of the record that Davis claims is important to his claim and which was not made available to him during his prior ap-

peal. Presumably, without the bill of exceptions from the mistrial, Davis would have been unable to make several arguments which will now be available to him in this second motion.

■ This court has considered the argument that the delay in preparing the requested bill of exceptions was so long as to effectively exhaust Davis' state court remedies. The Eighth Circuit has held that a petitioner's claim will be deemed exhausted "where it appears the state has been unnecessarily and intentionally dilatory." *Mucie v. Missouri State Dept. of Corrections,* 543 F.2d 633, 636 (8th Cir.1976). In Davis' case, however, it appears that the reason for the delay in filing the bill of exceptions was a misunderstanding on the part of the clerks of the district and supreme courts. Once the misunderstanding was cleared up and rectified by the filing of the requested bill on July 11, 1985, Davis could have just as easily refiled his motion for post conviction relief as file a petition for writ of habeas corpus in federal district court. If there no longer exists any reason to believe that further delay will occur in state court, there is no reason for this court to intercede before the state court has the opportunity to rule on Davis' constitutional claims. *See Thompson v. White,* 591 F.2d 441, 443 (8th Cir.1979) (per curiam).

Petitioner appears to have properly requested by praecipe the transcript he desired. It is evident that either the district court clerk's office or the supreme court clerk's office failed to heed his request. Petitioner was procedurally shunted by each office without good cause. He could not be expected to file his brief without the desired transcript. We feel petitioner, albeit a state prisoner, deserved more expeditious processing and handling of his requests in the various clerks' offices. We mention this not to criticize, but to point out that not only has petitioner been unfairly delayed, but needless litigation has resulted in both the state and federal court. In cases where the prisoners appear pro se, the Attorney General's office of the state, rather than providing a complete indiffer-ence to the prisoners' request, could better assist the administration of justice by not placing procedural obstacles in the path of the prisoners and by making certain the record is complete to permit a discussion of the merits at an early stage of the proceedings. Needless to say, this dismissal is made quite reluctantly.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.