**Charles W. GRAY, Appellant,**

v.

**Frank X. HOPKINS, Appellee.**

**No. 92–2798.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1993.

Decided March 1, 1993.

Stanford L. Sipple, Lincoln, NE, for appellant.

Mark D. Starr, Asst. Atty. Gen., Lincoln, NE, for appellee.

Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Charles W. Gray, a Nebraska inmate, appeals the district court's [1] dismissal without prejudice of his 28 U.S.C. § 2254 petition for failure to exhaust state court remedies. We affirm.

In May 1990, Charles Gray shot and killed Tatum McIntosh. Gray was charged with first-degree murder, but he pleaded guilty to second-degree murder in a plea bargain. The court sentenced Gray to life imprisonment. Gray appealed his sentence on the ground that it was excessive. The Nebraska Supreme Court affirmed the conviction and sentence without opinion. *State v. Gray*, No. 91–332 (Neb. Sept. 13, 1991). Gray did not pursue other state postconviction relief.

Gray then filed this pro se section 2254 petition alleging, inter alia, that his guilty plea was involuntarily and unintelligently given, he was denied effective assistance of counsel, the trial court failed to require a determination of his sanity at the time of the offense, and he was never determined to be competent at the time he entered his guilty plea. The district court concluded that Gray had "failed to exhaust available state court remedies" as to all of his claims because Gray had not filed a state court

---

1. The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, adopting the report and recommendations of the Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

postconviction action, and the court dismissed his petition without prejudice.

On appeal Gray argues that exhaustion of state postconviction remedies is not necessary because the Nebraska Supreme Court has held "that a motion for postconviction relief may not be used to obtain review of issues which could have been raised on direct appeal," and a question of competence to plead guilty cannot be the basis for postconviction relief if it could have been raised on direct appeal. *See State v. Rehbein*, 235 Neb. 536, 455 N.W.2d 821, 827 (1990) (per curiam). Gray contends, therefore, that he need not pursue a postconviction action in Nebraska state court under Neb.Rev.Stat. § 29–3001 (1989), because it would be futile.

"Ordinarily, state prisoners may not obtain habeas corpus relief from a federal court without first exhausting remedies available in state court." *Stranghoener v. Black*, 720 F.2d 1005, 1007 (8th Cir.1983) (per curiam); *see also Williamson v. Jones*, 936 F.2d 1000, 1005 (8th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 901, 116 L.Ed.2d 802 (1992). "[T]he exhaustion requirement is satisfied only when the federal claim is 'fairly presented' to the state courts." *Stranghoener*, 720 F.2d at 1007 (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971)). "[A] federal claim is not 'fairly presented' to the state courts when factual allegations significantly affecting the determination of that claim are raised for the first time in federal court." *Id.* There is no question that Gray has failed to fairly present his claims to the state court.

■ Nebraska courts will consider ineffective assistance claims for the first time in a postconviction proceeding, *see, e.g., Rehbein*, 455 N.W.2d at 824, and a motion for postconviction relief may be filed "at any time." Neb.Rev.Stat. § 29–3001 (1989). Even if Gray is correct that he does not have a non-futile remedy to raise certain of his claims, we conclude that the district court nevertheless properly dismissed his petition without prejudice because the petition contained both exhausted and unexhausted claims that are closely intertwined. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982); *Johnson v. United States Dist. Ct. for the Dist. of Neb.*, 519 F.2d 738, 740 (8th Cir.1975) (per curiam).

Accordingly, we affirm.