**Lonnie Lee BURTON, Petitioner— Appellant,**

v.

**Doug WADDINGTON, Respondent— Appellee.**

No. 03–35095.

D.C. No. CV–02–00140–RSL.

United States Court of Appeals, Ninth Circuit.

Argued May 3, 2004.

Submission Vacated May 11, 2004.

Submitted July 28, 2005.

Decided July 28, 2005.

---

Brian Tsuchida, FPDWA—Federal Public Defender's Office, Seattle, WA, for Petitioner–Appellant.

John J. Samson, AGWA—Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before TASHIMA, PAEZ, and BEA, Circuit Judges.

## MEMORANDUM *

Lonnie Lee Burton ("Burton") appeals the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1994, a jury convicted Burton of rape in the first degree, robbery in the first degree, and burglary in the first degree.[1] Burton challenges his consecutive sentence of 304 months for the rape, 153 months for the robbery, and 105 months for the burglary, for a total of 562 months on several constitutional grounds. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm. We review *de novo* a district court's denial of a petition for writ of habeas corpus under 28 U.S.C. § 2254. *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001).

### I.

The state argues that the district court lacked jurisdiction over Burton's 2002 habeas petition because this court had not granted leave to file a "second or successive" petition pursuant to 28 U.S.C. § 2244(b)(3)(A). We disagree. In 1998, Burton filed his first federal habeas petition challenging his conviction. At that time, the state court judgment as it related to Burton's sentence was not yet final because Burton's challenge to his sentence was still pending before the state court of appeal. Because Burton had not yet exhausted his federal constitutional claims in state court at the time he filed his first federal habeas petition, they were not ripe for federal habeas review. *See* 28 U.S.C. § 2254(b)(1)(A) (requiring a state prisoner to exhaust his claims in state court before he is allowed to bring an action in federal court for habeas relief). Therefore, Burton was not required to challenge his sentence in his first federal petition because no meaningful relief would have been available at that time. *See LaGrand v. Stewart*, 170 F.3d 1158, 1159 (9th Cir.1999) (order). We agree with the district court

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. As the parties are familiar with the facts, we do not recite them here.

that Burton's petition is not "second or successive" because he had a "legitimate excuse for failing to raise a claim at the appropriate time." *See McCleskey v. Zant,* 499 U.S. 467, 490, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

## II.

Burton claims that his due process rights were violated when the trial court increased his offender score at the sentencing hearing by separately counting his Indiana theft and fraud convictions, rather than aggregating them as it had done in the first and second sentencing hearings. Because Burton has not shown that the Washington Court of Appeals' application of the law of the case doctrine was "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States" 28 U.S.C. § 2254(d)(1), we affirm the district court's denial of relief on this claim.

## III.

■ Burton next argues that his due process rights were violated because the sentencing court was vindictive in imposing an exceptional sentence at his third sentencing hearing. As the Washington Court of Appeals noted, Burton's third sentence is lower than his original sentence, and is therefore not presumptively vindictive under *North Carolina v. Pearce,* 395 U.S. 711, 725, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds, Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). Because Burton has not shown that the trial court was vindictive in violation of clearly established federal law, Burton's claim is not cognizable under 28 U.S.C. § 2254(d)(1).

## IV.

Finally, Burton argues that his exceptional sentence was imposed in violation of his Sixth Amendment rights under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We expanded the Certificate of Appealability and requested supplemental briefing on the impact of *Blakely* and *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), on this case.

Although *Apprendi* was decided before Burton's conviction became final and may therefore be applied to this case, the state argues that *Blakely*—decided after Burton's conviction became final—established a new rule that does not apply retroactively on collateral review. *See Teague v. Lane,* 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). We agree. *See Schardt v. Payne,* 414 F.3d 1025 (9th Cir. 2005) (holding that *Blakely* does not apply retroactively to a 28 U.S.C. § 2254 habeas petition).

■ *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. The statutory maximum for each of the offenses to which Burton was found guilty was life imprisonment. *See* WASH. REV.CODE §§ 9A.44.040(2), 9A.52.020(2), 9A.56.200(2) (classifying rape in the first degree, burglary in the first degree, and robbery in the first degree as class A felonies); § 9A.20.021(1)(a) (setting statutory maximum for class A felonies as life imprisonment). At Burton's third sentencing hearing, the judge imposed consecutive sentences of 304 months for the rape conviction, 153 months for the robbery conviction, and 105 months for the burglary conviction, for a total of 562 months. Be-

cause the sentence on any individual count, and the total sentence imposed does not exceed the statutory maximum of life imprisonment, it does not violate *Apprendi.* *See United States v. Shryock,* 342 F.3d 948, 989 (9th Cir.2003) (holding that where statutory maximum for murder in either the first or second degree was life imprisonment, court did not err in sentencing under provision for first degree murder on the basis of judge-found facts); *United States v. Sua,* 307 F.3d 1150, 1154 (9th Cir.2002) (holding that *Apprendi* was not violated where sentence imposed did not exceed the statutory maximum); *see also United States v. Buckland,* 289 F.3d 558, 570 (9th Cir. 2002) (en banc) (finding no *Apprendi* violation where none of the individual sentences imposed consecutively exceeded the statutory maximum for that offense).

Accordingly, we **AFFIRM.**