UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 27, 2006[*]
Decided October 2, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-4138

| | |
|---|---|
| SAMUEL ILORI, <br>     *Petitioner-Appellant,* <br><br>   *v.* <br><br> UNITED STATES OF AMERICA, <br>     *Respondent-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 04-CV-4700 <br><br> Elaine E. Bucklo, <br> *Judge.* |

**O R D E R**

Samuel Ilori pleaded guilty to possessing at least 100 grams of heroin with the intent to distribute. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B)(i). At his sentencing hearing in January 2003, the government presented evidence that Ilori had sold 1,363 grams of heroin and recommended that he be sentenced accordingly. Using the larger drug amount, the district court calculated a total offense level of 34 and sentenced Ilori to 151 months' imprisonment, the lowest end of the guidelines range given his Category I criminal history. Ilori filed two notices of appeal, but voluntarily dismissed both appeals before briefing.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

In July 2004, more than a year after his conviction became final, Ilori moved to vacate his sentence under 28 U.S.C. § 2255. He argued, relying on *Blakely v. Washington*, 542 U.S. 296 (2004), that he was sentenced in violation of his Sixth Amendment right to trial by jury. The district court denied his motion in November 2004, explaining that even if the Supreme Court was to later hold, as it did in *United States v. Booker*, 543 U.S. 220 (2005), that *Blakely* applied to guidelines sentences, neither *Blakely* nor *Booker* would apply retroactively to his case. Nevertheless, the district court granted Ilori's request for a certificate of appealability.

As we have explained, the Supreme Court did not make *Blakely* applicable to guidelines sentences prior to its decision in *Booker*, and *Booker* "does not apply retroactively to criminal cases that became final before its release on January 12, 2005." *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Thus, under this circuit's precedent, the district court properly denied Ilori's § 2255 motion. We acknowledge, however, that the Supreme Court has granted certiorari in *Burton v. Waddington*, 2005 WL 1793351 (9th Cir. 2005), *cert. granted*, 74 U.S.L.W. 3676 (U.S. June 5, 2006) (No. 05-9222), to consider whether *Blakely* announced a new rule and, if so, whether that rule should apply retroactively. But even if the Supreme Court answers that question affirmatively, Ilori still would not be entitled to the relief he seeks because he failed to raise a Sixth Amendment claim on direct appeal, and he has not shown cause for this procedural default or actual prejudice resulting from the alleged error, nor has he suggested that he is actually innocent. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001).

AFFIRMED.