Dick L. Madson, Law Offices of Dick L. Madson, Fairbanks, for the Appellant.

Nancy R. Simel, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

**Marvin L. ROBERTS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–8716.**

Court of Appeals of Alaska.

Aug. 10, 2007.

*OPINION*

STEWART, Judge.

Marvin L. Roberts was convicted of second-degree murder, first-degree robbery,

and second-degree assault.[1] We affirmed his convictions—as well as the convictions of his co-defendant, Kevin Pease—in *Pease v. State*.[2]

While that appeal was pending, Roberts filed an application for post-conviction relief, alleging that he had newly discovered evidence that required a new trial. The superior court denied Roberts's application, and we affirmed the superior court's decision.[3]

About six months after this court affirmed Roberts's convictions on direct appeal, two journalism students from the University of Alaska Fairbanks reported that the jurors in Roberts's and Pease's case had, without court authorization, engaged in a group experiment during their deliberations. Based on this new information, both Pease and Roberts filed applications for post-conviction relief.

The superior court allowed Pease to litigate his application, but the court dismissed Roberts's application based on the provision of Alaska's post-conviction relief statute, AS 12.72.020(a)(6), that bars a defendant from pursuing an application for post-conviction relief if "a previous application for post-conviction relief has been filed."

Because Roberts had already litigated a previous application for post-conviction relief (the application based on the claim of newly discovered evidence), the superior court concluded that Roberts had no right to pursue a second application-even though this second application was concededly based on information that was not known at the time Roberts filed his first application.

Roberts now appeals the superior court's dismissal of his second application.

In *Grinols v. State*,[4] we explained that Alaska law has traditionally limited a defendant's right to pursue two or more applica-

tions for post-conviction relief.[5] Before the enactment of our current post-conviction relief statutes (AS 12.72), the governing court rule—Alaska Criminal Rule 35.1(h)—barred defendants from pursuing a second or successive application for post-conviction relief unless the defendant could demonstrate good cause for failing to raise the claim in an earlier application.

As we also explained in *Grinols*, the legislature expressly repealed Criminal Rule 35.1(h) when it enacted AS 12.72.020(a)(6).[6] That is, the legislature repealed a court rule that barred successive applications for post-conviction relief unless the defendant could demonstrate good cause for failing to raise the claim earlier and replaced it with a statute that seemingly erects an absolute bar to any successive application for post-conviction relief—even when there *is* a good reason why the defendant could not raise the claim in an earlier application.

In *Grinols*, we noted that "[t]here is a real possibility that [this] statute may lead to fundamental unfairness."[7] For instance, the statute would seemingly bar a second application for post-conviction relief even in cases where new genetic testing (*i.e.*, testing that was unavailable when the defendant litigated the first application) would convincingly demonstrate the defendant's innocence.[8] And we squarely held in *Grinols* that, despite AS 12.72.020(a)(6), a defendant who believes that they received ineffective assistance of counsel during the litigation of their first application for post-conviction relief must be allowed to file a second application on this ground.[9]

Roberts's case presents a related problem. Here, after Roberts litigated (and lost) one application for post-conviction relief, a potentially fatal flaw in the jury's deliberative procedures came to light. The discovery of the jury's unauthorized experiment would nor-

**1.** AS 11.41.110(a), AS 11.41.500(a), and AS 11.41.200(a), respectively.

**2.** 54 P.3d 316 (Alaska App.2002).

**3.** *Roberts v. State*, Alaska App. Memorandum Opinion and Judgment No. 4723 (June 18, 2003), 2003 WL 21398896.

**4.** 10 P.3d 600 (Alaska App.2000).

**5.** *Id.* at 614–16.

**6.** *Id.* at 616.

**7.** *Id.*

**8.** *Id.* at 616–17.

**9.** Id. at 618.

mally be addressed in an application for post-conviction relief. In fact, Roberts's co-defendant, Pease, was allowed to seek post-conviction relief on this basis. But because Roberts had already litigated an application for post-conviction relief, the superior court ruled that Roberts could not seek any remedy—even though there was an obvious reason why Roberts had failed to include the jury experiment claim in his earlier application.

We note that federal caselaw provides some support for interpreting AS 12.72.020(a)(6) in a less restrictive manner than its literal wording might suggest. Under federal law, a prisoner who wishes to file a "second or successive" petition for habeas corpus relief must allege certain facts, and must additionally obtain special permission from the appeals court.[10] However, the federal courts have held that a petition is not "second or successive" if the petitioner had a legitimate excuse for failing to raise the claim in a prior petition. See the extensive discussion of this point in *Lang v. United States*.[11]

Conceivably, AS 12.72.020(a)(6) might be interpreted in a similar fashion. Or, alterna-tively, there may be cases where the need to provide an avenue for relief is so strong that, just like in *Grinols*, we would conclude that the due process clause of the Alaska Constitution requires an exception to the seemingly absolute bar erected by AS 12.72.020(a)(6).

But we need not decide these issues in Roberts's case—for we recently held that the jury experiment at issue here (the jury experiment that provided the ground for both Roberts's and Pease's applications for post-conviction relief) does not undermine the result at Roberts's and Pease's trial. In other words, even if Roberts were allowed to pursue this second application, he would not be entitled to post-conviction relief.[12]

For this reason, we AFFIRM the superior court's dismissal of Roberts's application for post-conviction relief.

---

**10.** *See* 28 U.S.C. § 2255 (2000) (providing that "[a] second or successive [application] must be certified as provided in section 2244 by a panel of the appropriate court of appeals") and 28 U.S.C. § 2244(b) (2000) (requiring, *inter alia*, that the applicant allege certain substantive facts, and that the application be authorized by a three-judge panel).

**11.** 474 F.3d 348, 351–52 (6th Cir.2007). *See also Burton v. Waddington*, 142 Fed. Appx. 297, 298–99, 2005 WL 1793351 (9th Cir.2005) (citing *McCleskey v. Zant*, 499 U.S. 467, 490, 111 S.Ct. 1454, 1468, 113 L.Ed.2d 517 (1991)), *vacated on other grounds sub nom. Burton v. Stewart*, —— U.S. ——, ——, 127 S.Ct. 793, 797–99, 166 L.Ed.2d 628 (2007).

**12.** *See State v. Pease*, 163 P.3d 985 (2007).