NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>Pacific</u> <u>Reporter</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| BRIAN HALL,<br><br>Appellant,<br><br>v.<br><br>STATE OF ALASKA,<br><br>Appellee. | Court of Appeals No. A-12719<br>Trial Court No. 3AN-14-09493 CI<br><br>O P I N I O N<br><br>No. 2649 — June 28, 2019 |

Appeal from the Superior Court, Third Judicial District, Anchorage, Michael L. Wolverton, Judge.

Appearances: Cynthia L. Strout, Law Office of Cynthia L. Strout, Anchorage, for the Appellant. Nancy R. Simel, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge ALLARD.

In 1995, Brian Hall was convicted of first-degree murder and second-degree murder for the shooting deaths of Mickey Dinsmore and Stanley Honeycutt. In the years following his conviction, Hall litigated two post-conviction relief applications, both of which were denied. Hall now seeks to litigate a third post-conviction relief

application based on what he claims is newly discovered evidence of innocence that was not available when he litigated his previous post-conviction relief applications.

In the proceedings below, the superior court summarily dismissed Hall's application under AS 12.72.020(a)(6) — the statutory provision that prohibits a defendant from bringing an application for post-conviction relief if "a previous application for post-conviction relief has been filed under [AS 12.72] or under the Alaska Rules of Criminal Procedure." On appeal, Hall argues that this statutory provision should not apply to claims based on newly discovered evidence of innocence. For the reasons explained here, we agree with Hall that due process precludes application of the statutory bar on successive petitions when a defendant is raising a post-conviction relief claim based on newly discovered evidence of innocence that was not previously available to the defendant. However, because it is not clear whether Hall's claim qualifies as newly discovered evidence of innocence under AS 12.72.020(b)(2), we conclude that a remand for litigation of this question is required.

Accordingly, we vacate the superior court's dismissal of Hall's post-conviction relief application, and we remand this case to the superior court for further proceedings consistent with the guidance provided here.

*Factual background and prior proceedings*

Late in the evening of April 16, 1993, seventeen-year-old Brian Hall and four of his friends drove together to a bonfire in a parking lot on Campbell Airstrip Road. Hall had a loaded pistol with him.

Shortly after they arrived, Hall and his friends got into a shouting match with the occupants of another vehicle, Mickey Dinsmore and Stanley Honeycutt. A fifteen-year-old girl, Monica Shelton, briefly acted as an intermediary between the two vehicles. Moments later, Dinsmore and Honeycutt began to slowly drive up along the

driver's side of Hall's vehicle. As they did so, Dinsmore extended a beer bottle, bottom end up, to the driver of Hall's car, stating, "We ain't got no beef with you; do you want some of this?"

Hall, who was then standing outside the passenger door of his vehicle, testified at trial that he thought Dinsmore had a gun. Hall pulled his own gun out of his back pocket and fired three shots over his car towards Dinsmore. One shot hit Dinsmore on the top of the head and another shot hit Honeycutt in the mouth. Both Dinsmore and Honeycutt died as a result of the gunshot wounds inflicted by Hall.

Following waiver of juvenile jurisdiction, Hall was indicted on two counts of first-degree murder. Hall's defense at trial was self-defense. He testified that he believed that Dinsmore had a gun because Monica Shelton had relayed to Hall and his friends, "[Dinsmore and Honeycutt] have a gun, and they'll shoot [you], so just leave." Likewise, Hall's defense investigator claimed that Shelton had told him, in an unrecorded interview prior to trial, that she thought she had told Hall that Dinsmore and Honeycutt had a gun or might have a gun.[1]

However, at trial Shelton maintained that she never told Hall that Dinsmore had a gun.

Shelton's equivocation on whether she said anything to Hall about a gun was discussed in the defense opening statement at trial, and again during closing arguments. During his direct examination of Shelton, the prosecutor questioned Shelton about her statement to the defense investigator. Shelton testified that she did not recall making that statement, but that she may have done so. Shelton was adamant, however, that the truth was that she had *not* told Hall that Honeycutt and Dinsmore had a gun.

---

[1] The defense investigator did not testify at trial, but he made an offer of proof to the trial judge.

Hall was convicted of one count of first-degree murder for shooting Dinsmore and one count of second-degree murder for shooting Honeycutt.

Seventeen years after Hall was convicted, in November 2012, a defense investigator who had been hired by Hall's family contacted Shelton and interviewed her. In the interview (which was recorded and transcribed), Shelton said that she was willing to "put the record straight." Shelton told the defense investigator that she *did* remember telling Hall that there was a gun because Dinsmore and Honeycutt said they had a gun and pointed to their glove box. She stated, "I did tell [Hall and his friends] that there was a gun . . . and that might've been why [Hall] thought 'I'm gonna shoot first.'"

Shelton's statement was not made under oath, and she never affirmed the statement in an affidavit.

A year after the recorded interview was obtained, Hall's attorney filed a motion for a new trial based on newly discovered evidence. The motion was later modified and refiled as an application for post-conviction relief. This was Hall's third application for post-conviction relief. Hall had previously filed two applications for post-conviction relief in 1999 and 2008, raising various ineffective assistance of counsel claims. Both applications had been dismissed and their dismissals affirmed by this Court.[2]

The State filed a motion to dismiss the third post-conviction relief application, arguing, *inter alia*, that Hall's application was barred under AS 12.72.-020(a)(6) because it was successive.

The superior court agreed that the application was statutorily barred under AS 12.72.020(a)(6), and the court dismissed the application on that basis.

---

[2] *Hall v. State*, 2007 WL 2069546 (Alaska App. July 18, 2007) (unpublished); *Hall v. State*, 2012 WL 5897312 (Alaska App. Nov. 21, 2012) (unpublished).

This appeal followed.

*Why we conclude that the superior court erred in summarily dismissing
Hall's application as a successive application under AS 12.72.020(a)(6)*

A defendant's right to seek post-conviction relief in the Alaska courts is governed by AS 12.72. Alaska Statute 12.72.020 sets forth various limitations on a defendant's right to seek post-conviction relief. For example, AS 12.72.020(a)(3) and (a)(4) set forth statutory deadlines that must be met, and AS 12.72.020(a)(6) prohibits a defendant from bringing a claim for post-conviction relief if "a previous application for post-conviction relief has been filed."

The requirement that the application must be brought within the statutory deadline is subject to certain statutory exceptions, including an exception for claims based on newly discovered evidence of innocence.[3] To qualify for this newly discovered evidence exception under AS 12.72.020(b)(2), the applicant must establish due diligence in presenting the newly discovered evidence claim.[4] The applicant must also show that the newly discovered evidence (A) was not known within the applicable statutory deadline; (B) is not cumulative to the evidence presented at trial; (C) is not impeachment evidence; and (D) establishes by clear and convincing evidence that the applicant is innocent.[5] These requirements are similar to the requirements a defendant must meet to

---

[3]   *See* AS 12.72.020(b)(2); *see also* AS 12.72.020(b)(1) (setting forth two other statutory exceptions to the statutory deadlines).

[4]   AS 12.72.020(b)(2).

[5]   AS 12.72.020(b)(2)(A)-(D).

bring a motion for a new trial based on newly discovered evidence under Alaska Criminal Rule 33 and *Salinas v. State*.[6]

In contrast to the statutory exceptions that exist for untimely applications, there are no statutory exceptions to the prohibition against successive petitions. Alaska Statute 12.72.020(a)(6) declares that "[a] claim may not be brought under AS 12.72.010 or the Alaska Rules of Criminal Procedure if a previous application for post-conviction relief has been filed under this chapter or under the Alaska Rules of Criminal Procedure." The statute provides no exceptions to this seemingly absolute bar against successive applications.

In *Grinols v. State*, however, we recognized that "[t]here is a real possibility that [this] statute may lead to fundamental unfairness."[7] We noted, for example, that AS 12.72.020(a)(6) would seemingly bar a second or subsequent application for post-conviction relief even in cases where new genetic testing (*i.e.*, testing that was unavailable when the defendant litigated the first application) would convincingly demonstrate the defendant's innocence.[8] We also squarely held in *Grinols* that due process requires an exception to the statutory bar against successive petitions for ineffective assistance of counsel claims against the defendant's first post-conviction

---

[6] *See* Alaska R. Crim. P. 33; *Salinas v. State*, 373 P.2d 512, 514 (Alaska 1962) (holding that a defendant seeking a new trial based on newly discovered evidence must show that (1) the evidence was newly discovered; (2) the defendant exercised diligence in seeking to discover the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to the issues involved; and (5) the evidence would probably result in an acquittal at a new trial).

[7] *Grinols v. State*, 10 P.3d 600, 616 (Alaska App. 2000).

[8] *Id.* at 616.

relief attorney.[9] Thus, defendants who believe that they received ineffective assistance of counsel during the litigation of their first application for post-conviction relief must be allowed to file a second application for post-conviction relief, notwithstanding the plain language of AS 12.72.020(a)(6) that seemingly bars such successive petitions.[10] The Alaska Supreme Court affirmed this holding in *Grinols v. State*.[11]

Following the *Grinols* decision, the Alaska Legislature enacted AS 12.72.025, setting forth a one-year statutory deadline for ineffective assistance of counsel claims based on *Grinols*.[12]

In *Roberts v. State*, we again addressed the problem that AS 12.72.-020(a)(6) potentially presents for post-conviction relief claims that rely on newly discovered evidence — *i.e.*, evidence that was not available at the time the prior post-conviction relief application was litigated. In *Roberts*, we noted that federal law provides some support for interpreting AS 12.72.020(a)(6) in a less restrictive manner than its literal wording might suggest.[13] Under federal law, a prisoner who wishes to file a "second or successive" petition for habeas corpus relief must allege certain facts, and

---

[9] *Id.* at 618-20.

[10] *Id.* at 616-17.

[11] *Grinols v. State*, 74 P.3d 889, 895 (Alaska 2003) (holding that "the burden on the state [of litigating a second or successive petition] is not enough to overcome a defendant's right to effective representation and the risk that that right would be violated if the defendant were unable to challenge an attorney's effectiveness").

[12] *See* SLA 2007, Ch. 24, § 25; *see also* House Finance Committee, Testimony of Assistant Attorney General Anne Carpeneti on House Bill 90 (Apr. 24, 2007), at 1:57:09 p.m.

[13] *Roberts v. State*, 164 P.3d 664, 666 (Alaska App. 2007).

must additionally obtain special permission from the appeals court.[14] In addition, the federal "abuse of the writ" doctrine dictates that a petition is only considered "second or successive" if the petitioner raises claims that "could have been raised in the first petition but [were] not so raised, either due to deliberate abandonment or inexcusable neglect."[15]

Many states likewise provide relief to a defendant who seeks to raise a newly discovered evidence claim in what would otherwise qualify as a second or successive post-conviction relief application.[16] Most states provide this relief directly through their statutes or court rules.[17] At least one state has provided this relief through case law.[18]

---

[14] *See* 28 U.S.C. § 2255(h) (providing that "[a] second or successive [application] must be certified as provided in section 2244 by a panel of the appropriate court of appeals"); 28 U.S.C. § 2244(b) (requiring, *inter alia*, that the applicant allege certain substantive facts, and that the application be authorized by a three-judge panel).

[15] *Lang v. United States*, 474 F.3d 348, 351-52 (6th Cir. 2007) (quoting *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006)); *see also James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002) (subsequent petition for writ of habeas corpus is only "second or successive" when it raises a claim that was, or could have been, raised in an earlier petition).

[16] *See* 24 C.J.S. *Criminal Procedure and Rights of Accused* § 2168 (May 2019 update) (noting exceptions for successive petitions that raise ineffective assistance of counsel claims and petitions that raise newly discovered evidence claims).

[17] *See, e.g.*, Ariz. R. Crim. P. 32.1(e) & 32.2(b); Fla. R. Crim. P. 3.851(d)(2) & (e)(2)(c); Idaho Code § 19-4908; Ill. R. Crim. P. 725 § 5/122-1(f); La. Code Crim. P. 930.4 & 930.8; Miss. R. Crim. P. § 99-39-23(6); Ohio R. Crim. P. 2953.23; Or. Rev. Stat. 14 § 138.550(3); R.I. Gen. Laws § 10-9.1-8.

[18] *See State v. Reichel*, 191 N.W.2d 826, 828 (Neb. 1971) (acknowledging exception to statutory prohibition against successive post-conviction motions when the basis relied upon for relief was not available at the time the prior post-conviction motion was filed); *see also State v. Ryan*, 601 N.W.2d 473, 484 (Neb. 1999) ("A defendant is entitled to bring a second proceeding for postconviction relief only if the grounds relied upon did not exist at the time the first motion was filed.").

In *Roberts*, we speculated that AS 12.72.020(b)(6) could be interpreted in a similar fashion to permit post-conviction relief claims that could not have been raised in a prior application for post-conviction relief.[19] We also considered that there could be cases where the need to provide an avenue for relief is so strong that, just like in *Grinols*, we would conclude that the due process clause of the Alaska Constitution requires an exception to the seemingly absolute bar erected by AS 12.72.020(a)(6).[20] However, we ultimately concluded that we did not need to resolve these issues in *Roberts* because the newly discovered evidence claim that Roberts sought to bring had already been found to be without merit in his co-defendant's case.[21]

This is not true in the current case. Here, Hall's claim of newly discovered evidence has not been litigated in any other forum and the merits of his claim are unknown. We therefore must decide the constitutional and statutory interpretation issues that we left undecided in *Roberts*.

On appeal, Hall urges us to adopt the federal abuse of the writ doctrine for purposes of determining whether a subsequent post-conviction relief application qualifies as a "second or successive" petition. As discussed above, under the federal abuse of the writ doctrine, a petition for writ of habeas corpus is not considered "second or successive" for purposes of 28 U.S.C. § 2255(h) if the petitioner can show that they could not have raised the claim in the previous petition.[22]

---

[19] *Roberts v. State*, 164 P.3d 664, 666 (Alaska App. 2007).

[20] *Id.*

[21] *Id.*

[22] *See Lang v. United States*, 474 F.3d 348, 351-52 (6th Cir. 2007); *James v. Walsh*, 308 F.3d 162 (2d Cir. 2002).

We are not convinced that such a reading is consistent with the legislative intent behind AS 12.72.020(b)(6). As we explained in *Grinols*, prior to the adoption of AS 12.72, Alaska Criminal Rule 35.1(h) barred successive applications for post-conviction relief "unless the defendant could show good cause for failing to raise their claim earlier."[23] Thus, Alaska law used to have a doctrine similar to the federal abuse of the writ doctrine, and the enactment of AS 12.72.020(b)(6) suggests that the legislature did not intend for that doctrine to continue.

However, this means that our statute is anomalous among the state and federal statutes that we have surveyed, which do provide for such relief.[24] The question therefore arises whether the absolute prohibition against successive petitions codified in AS 12.72.020(b)(6) violates due process. We have already answered that question in the affirmative in *Grinols*. In *Grinols*, we held (and the supreme court affirmed) that due process necessitated an exception to the statutory bar for claims based on the ineffective assistance of prior post-conviction relief counsel — claims which, by definition, could not have been raised earlier.[25] We now conclude that a similar due process exception exists for claims of newly discovered evidence of innocence.

---

[23] *See Grinols v. State*, 10 P.3d 600, 616 (Alaska App. 2000); *see also* former Alaska R. Crim. P. 35.1(h) (pre-July 1995 version) ("Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in . . . [any] proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application."); SLA 1995, ch. 79, § 39.

[24] *See, e.g.*, 28 U.S.C. § 2255; Ariz. R. Crim. P. 32.1(e) & 32.2(b); Fla. R. Crim. P. 3.851(d)(2) & (e)(2)(c); Idaho Code § 19-4908; Ill. R. Crim. P. 725 § 5/122-1(f); La. Code Crim. P. 930.4 & 930.8; Miss. R. Crim. P. § 99-39-23(6); Ohio R. Crim. P. 2953.23; Or. Rev. Stat. 14 § 138.550(3); R.I. Gen. Laws § 10-9.1-8.

[25] *Grinols*, 10 P.3d at 620; *Grinols v. State*, 74 P.3d 889, 895 (Alaska 2003).

Accordingly, we hold that a defendant is entitled to bring a post-conviction claim for relief in what would otherwise qualify as a second or successive petition if the defendant is able to establish that the claim is based on newly discovered evidence, as that term is defined under AS 12.72.020(b)(2). Such a holding is directly in line with the requirements of due process under the Alaska Constitution, our prior decision in *Grinols*, and the law in other state and federal jurisdictions.

The only remaining question left to answer in this case is whether Hall is entitled to this exception under the facts presented here. In its briefing on appeal, the State argues that Hall has failed to establish a claim of newly discovered evidence. In particular, the State argues that Hall has failed to show adequate diligence in obtaining this new evidence; the State maintains that Hall inexcusably waited seventeen years before re-interviewing Monica Shelton. The State also argues that the evidence obtained through the recent defense interview — an unsworn recantation of Shelton's trial testimony — is not materially different from the evidence the defense already had at Hall's trial. Lastly, the State argues that Hall has failed to support his claim with the proper affidavits and has failed to show that the newly discovered evidence would actually result in a different outcome at trial.

We conclude that these are arguments that should be raised in the first instance to the superior court. Because the superior court summarily dismissed Hall's application under AS 12.72.020(a)(6), the parties have not had a full and fair opportunity to litigate whether Hall's newly discovered evidence claim falls within the due process exception we have just articulated. Accordingly, we remand this case to the superior court so that this litigation can occur.

*Conclusion*

For the reasons explained here, the superior court's dismissal of Hall's post-conviction relief application is VACATED, and this case is REMANDED to the superior court for further proceedings consistent with the guidance provided in this opinion. We do not retain jurisdiction.